MACK SMITH, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

The legislature may make it a felony to commit the second offense of selling liquor in a county voting against the sale of liquors, even though the prior conviction was had before the passage of the statute.

This case was decided by the Court en Banc.

Writ of error to the Circuit Court for Manatee County.

The facts in the case are stated in the opinion of the court.

*H. P. Bailey,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *Chas. O. Andrews,* for the State.

COCKRELL, J.—Mack Smith was convicted in the Circuit Court for Manatee County of being a common liquor dealer, under section 3 of Chapter 6179 laws of 1911, and sentenced to a term of two years in the State prison. The section reads:

"Sec. 3. Whoever is convicted of selling or causing to be sold, any spirituous, vinous or malt liquors, in any county or precinct which has voted against the sale of such liquors, under the provisions of Article XIX of the Constitution of the State of Florida, or whenever any

person or persons, firm or association is convicted of selling or causing to be sold, or keeping for sale any spirituous, vinous or malt liquors, without his paying the license required by law, having been before convicted of the like offense, shall be deemed and adjudged. to be a common liquor dealer, in violation of law, and shall be punished, upon conviction, by being fined not more than $3,000.00, or by imprisonment in the State Prison not more than five years, or by both fine and imprisonment, in the discretion of the court."

The indictment alleges that the first conviction was had on May 13, 1911, before Chapter 6179 went into effect, and Smith unsuccessfully moved that the cause be transferred to the county court, upon the ground that the law did not and could not so penalize an act committed prior to its passage, but such is not the meaning of the term *ex post facto* and the statute is broad enough to punish as felons all who had theretofore been adjudged guilty of selling liquor in a county or precinct that had voted against such sale. The selling for which he stands now convicted took place as alleged after the statute became effective and that is the crime for which he is being tried.

The cases seem to be uniform in holding that the federal inhibition against *ex post facto* laws does not apply to such cases. Ex parte Gutierrez, 45 Cal. 429; State v. Woods, 68 Me. 409; In re Ross, 2 Pick. (Mass.) 165; Commonwealth v. Graves, 155 Mass. 163, 29 N. E. Rep. 579, 16 L. R. A. 256; Sturtevant v. Commonwealth, 158 Mass. 598, 33 N. E. Rep. 648; Blackburn v. State, 50 Ohio St. 428, 36 N. E. Rep. 18; Rand v. Commonwealth, 9 Gratt. (Va.) 738.

The judgment is affirmed.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD and HOCKER, J. J., concur.