HARRISON THOMPSON, *Plaintiff in error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

### Opinion Filed October 28, 1913.

1. Section 3 of Chapter 6179 of the Laws of Florida of 1911 is not violative of the provisions of Section 16 of Article III of the State Constitution, but the title to such Chapter is a sufficient compliance with the constitutional requirement.

2. Upon a prosecution for the commission of a second or subsequent offense, the State must prove the identity of the accused and the person who has sustained such prior conviction by other evidence than simply the identity of their names.

Writ of error to Criminal Court of Record, Volusia County; Bert Fish, Judge.

Judgment reversed.

*Murry Sams,* for Plaintiff in error;

*T. F. West,* Attorney General, and *C. O. Andrews, for* the State.

SHACKLEFORD, C. J.—Harrison Thompson was tried and convicted for the offense of being a common liquor dealer, under Section 3 of Chapter 6179 of the Laws of Florida of 1911, which reads as follows:

"Whoever is convicted of selling or causing to be sold.

any spirituous, vinous or malt liquors, in any county or precinct which has voted against the sale of such liquors under the provisions of Article XIX of the Constitution of the State of Florida, or whenever any person or persons, firm or association is convicted of selling or causing to be sold, or keeping for sale any spirituous, vinous or malt liquors, without his paying the license required by law, having been before convicted of the like offense, shall be deemed and adjudged to be a common liquor dealer, in violation of law, and shall be punished, upon conviction, by being fined not more than $3,000.00 or by imprisonment in the State Prison not more than five years, or by both fine and imprisonment, in the discretion of the court."

The first assignment is based upon the overruling of the motion in arrest of judgment. This motion contains four grounds, but only the second is urged before us, which is as follows:

"Second: That Section 3 of Chapter 6179 of the Laws of Florida is unconstitutional and void because at the time said chapter was enacted by the Legislature of the State of Florida there was nothing in its title referring to or covering the subject matter of said Section 3."

We had occasion to consider this section 3 in Smith v. State, 62 Fla. 91, 57 South. Rep. 348, wherein we held that "The legislature may make it a felony to commit the second offense of selling liquors in a county voting against the sale of liquors, even though the prior conviction was had before the passage of the statute." While the points insisted upon in the instant case were not raised in the cited case, evidently we were not impressed with the fact that such section was unconstitutional, nor are we so impressed now, though we have read with care the brief of the defendant, wherein he strenuously contends that this

error is well assigned. The title to this Chapter is in the following language:

"AN ACT to Amend Chapter 5690 of the Laws of the State of Florida, Entitled 'An Act to Amend Section 3556 of the General Statutes of the State of Florida, Relative to the Sale of Liquors in Counties or Precincts Voting Against Such Sales,' and to Amend Section 3448 of the General Statutes of the State of Florida, Relating to Selling Liquors Without a License."

It is obvious from the title that the intention of the Legislature was to amend certain existing statutes, which are specified, relating to the illegal sale of liquors. We are of the opinion after a careful examination of the entire Chapter 6179 that Section 3 is not violative of the provisions of Section 16 of Article III of the State Constitution, as the defendant urges, but that the title to such chapter is a sufficient compliance with the constitutional requirement. In Schiller v. State, 49 Fla. 25, 38 South. Rep. 706, we held:

"The provision contained in Section 16 of Article 3 of the constitution that 'each law enacted by the legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title' forbids the legislature to embrace in one act two different and unconnected subjects, but provisions on one subject and matters properly connected therewith may be embraced in one act. Only the subject is required to be briefly expressed in the title. The matters properly connected with such subject are not required to be expressed in the title."

We think that is conclusive of the point. See also Holton v. State, 28 Fla. 303, 9 South. Rep. 716; State *ex rel.* Moodie v. Bryan, 50 Fla. 293, 39 South. Rep. 929; Ex Parte Knight, 52 Fla. 144, 41 South. Rep. 786, 120 Amer.

St. Rep. 191; State v. Bethea, 61 Fla. 60, 55 South. Rep. 550, and Stokes v. Galloway, 61 Fla. 437, 54 South. Rep. 799.

The second and only remaining assignment is based upon the overruling of the motion for a new trial, which challenges the sufficiency of the evidence to support the verdict. The specific point relied upon is that while the State proved that a person by the name of Harrison Thompson had been convicted in such court on two prior occasions of the illegal sale of liquors and on two other occasions, upon being arraigned for such offense, had entered a plea of guilty, yet no proof had been introduced as to the identity of the accused as the person who had sustained such prior convictions, as charged in the information, and for which crime the accused was tried. We. are of the opinion that the record bears out this contention and that the omission of such connecting evidence compels a reversal of the judgment. See the case of State v. Smith, 129 Iowa, 709, 106 N. W. Rep. 187, wherein it was held that upon a prosecution for the commission of a second offense, "the State must prove the identity of the accused and the persons named in the prior judgments by other evidence than the identity of their names." This is a well reasoned case and a number of authorities from other jurisdictions, two which we would also refer, will be found cited in the opinion to the same effect.

For this error the judgment must be reversed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.