SEABOARN LAND, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed February 22, 1919.

A Statute will not be declared invalid at the instance of one not prejudiced by its enforcement nor affected by it.

A Writ of Error to the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Judgment affirmed.

*W. W. Clark,* for Plaintiff in Error;

*Van C. Swearingen, Attorney General,* and *C. O. Andrews, Assistant,* for the State.

WEST, J.—Plaintiff in error was tried and convicted in the County Judge's Court of Santa Rosa County of the crime of engaging in and carrying on the business of

a dealer in intoxicating liquors in the county of Santa Rosa, which county had theretofore voted against the sale of such liquors. He was sentenced to a term of thirty (30) days in the county jail and to pay a fine of one hundred dollars ($100) and costs, and in default of the payment of such fine and costs to be confined in the county jail for an additional period of ninety (90) days.

Upon *habeas corpus* proceedings he was remanded by the Circuit Judge to the custody of the sheriff, and from the judgment remanding him was allowed and took writ of error from this court.

The assignments of error are that (1) the court erred in not discharging the prisoner, and (2) the court erred in remanding the prisoner to the custody of the sheriff. The sole question presented and argued in the brief of plaintiff in error in this court is the alleged constitutional invalidity of Sections three (3) and four (4) of Chapter 6179, Acts of 1911, Laws of Florida.

We fail to see the application of this argument. In the first place section three (3) of the statute has been henl valid by this court in a case in which the question of its constitutional validity was expressly passed upon because necessary in the disposition of the case. Thompson v. State, 66 Fla. 206, 63 South. Rep. 423; Smith v. State, 62 Fla. 91, 57 South. Rep. 348. But suppose this section should be invalid, that would avail plaintiff in error nothing because he is charged with having committed the offense denounced by section two (2) of the statute, the validity of which is not questioned.

And suppose section four (4) of the act should be found invalid, upon which question we express no opinion, and should be entirely eliminated, the county judge

would still have had full and complete jurisdiction and authority to try plaintiff in error upon the charge made against him. Constitution State of Florida, Section 17, Art. 5; General Statutes of Florida, Sections 3842, 3898 and 3903.

The principle involved is that a statute will not be declared invalid at the instance of one not prejudiced by its enforcement, nor affected by it. 6 R. C. L. 89; Williams v. Walsh, 222 U. S. 415, 32 Sup. Ct. Rep. 137; State ex rel. Clarkson v. Philips, 70 Fla. 340, 70 South. Rep. 367; Stinson v. State, 63 Fla. 42, 58 South. Rep. 722.

It does not appear that section two (2) of this statute, under which plaintiff in error was convicted, is so related to sections three (3) and four (4) as to affect the validity of the former, even though it should be conceded that the latter are invalid for any reason.

It follows necessarily that the judgment must be affirmed.

All concur.