JAMES R. DAVIS AND LESSIE V. DAVIS, *Appellants, v.* WILSON & TOOMER FERTILIZER COMPANY, A CORPORATION, *Appellee.*

Opinion Filed July 6, 1922.

1. The title of Chapter 8482, Acts of 1921, is misleading in that it has reference to the preparation, form and filing of transcripts of record in the Supreme Court, while the main purpose as shown by the body of the Act is to change existing laws and rules of courts as to the number of transcripts to be filed and the fees to be paid therefor, neither of which is expressed in the title of the Act. This renders the entire Act violative of Section 16, Article III of the Constitution and unenforcable on the principles stated in Webster v. Powell, 36 Fla. 703, 18 South. Rep. 441.

2. Chapter 8482, Acts of 1921, providing that only one transcript of the record shall be filed in the Supreme Court on appeals in civil cases is held to be invalid, because it violates Section 16, of Article III of the Constitution, but as the appellant was justified in obeying the statutes while it apparently remained in force on the statute, a motion to dismiss the appeal for failure to comply with Rule 11 will be denied and the appellant will be allowed thirty (30) days to comply with Rule 11 of the Supreme Court Rules, by filing two additional copies of the transcript.

Motion to dismiss denied.

*J. W. Brady,* for Appellants;

*McKay* & *Withers,* for Appellee.

PER CURIAM.—A motion is made to dismiss the appeal herein because the appellants have not filed in this court "a duly certified transcript of the record and two copies thereof," as required by Rule 11 of the Supreme Court Rules, adopted March 2, 1905. The appellants had filed in this court "one original and one carbon copy of the transcript of the record," and the carbon copy was sent to counsel for appellee as required by Chapter 8482, Acts of 1921; but the appellee in support of the motion to dismiss the appeal contends that the statute, Chapter 8482, is invalid because the title to the Act is fatally defective, and that as one "certified transcript of the record and two copies thereof" were not filed here as required by Rule 11, the appeal should be dismissed.

Rule 11 of the Supreme Court Rules adopted March 2, 1905, is as follows: "In all civil causes, except *habeas corpus* cases, the plaintiff in error or appellant shall file in the Supreme Court within the time required by law a duly certified transcript of the record and two copies thereof, each of which shall be clearly and legibly typewritten or printed in black ink, and within the same time shall also serve the opposite party or his attorney with a type-written or printed copy of the certified transcript, preserving in each of the said copies provided for the pages and order in the transcript. Said copies need not be certified. Should the plaintiff in error or appellant fail to comply with the provisions of this rule the cause shall be dismissed on motion of the defendant in error or appellee upon the pro-

duction of a certificate from the clerk of the court below, or from the judge if it have no clerk, that a writ of error or appeal has been sued out in such court, or upon producing proof that no copy of the transcript has been served upon the opposite party, or that copies have not been filed as required. The court may also of its own motion dismiss the cause for failure to comply with this rule; but for good cause shown the court may allow further time to comply therewith.

The statute referred to is as follows:

"CHAPTER 8482—(No. 87).

AN ACT Relating to Preparation, Form and Filing of Transcript of Record in Civil Cases in the Supreme Court.

*"Be It Enacted by the Legislature of the State of Florida*:

"Section 1. The Clerk of the Circuit Court of the County, or the Clerk of the Court from which the appeal is taken, shall prepare or cause to be prepared a transcript of the record for the use on any appeal or writ of error sued out returnable to the Supreme Court, to be used in the prosecution of such appeal or writ of error, which said transcript shall consist of one original and two carbon copies to be bound and indexed, provided, that attorneys-at-law may prepare or cause to be prepared such transcript for certification by the Clerk.

"Sec. 2. The Clerk shall receive as compensation for preparation of the transcript the sum of twenty cents for the first one hundred words of the record and ten cents for each additional one hundred words or fraction thereof, and fifty cents for his certificate and where the transcript is

prepared by the attorneys for certification by him, shall receive two dolars and fifty cents for each one hundred pages or fraction thereof of the original record compared and verified and fifty cents for his certificate.

"Sec. 3. Only one original and one carbon copy of the transcript of the record shall be required to be filed in the appellate court in any case, and the original only need be certified by the Clerk. Upon the filing of such original and copy in the appellate court, the Clerk of same shall cause the carbon copy to be immediately mailed to the defendant in error or appellee, or his counsel, as now provided by rules of court.

"Sec. 4. All laws or parts of laws in conflict herewith are hereby repealed.

"Sec. 5. This Act shall take effect upon its becoming a law.

"Approved June 14, 1921."

The title of the Act, Chapter 8482, is misleading in that it has reference to the preparation, form and filing of transcripts of record in the Supreme Court, while the main purpose as shown by the body of the Act is to change existing laws and rules of court as to the number of transcripts to be filed and the fees to be paid therefor, neither of which is expressed in the title of the Act. This renders the entire Act violative of Section 16, Article III of the Constitution and unenforceable on the principles stated in Webster v. Powell, 36 Fla. 703, 18 South. Rep. 441, if the Act is not also invalid in that it is an undue and unauthorized encroachment upon the judicial powers of the court to regulate the number and form of transcripts that shall be filed in appellate proceedings, in view of Article II of the Constitution.

Chapter 8482, Acts of 1921, being invalid, it is the duty of the appellants to comply with Rule 11 above set out; but as the appellants were justified in obeying the statute while it apparently remained in force, this motion to dismiss the appeal will be denied and the appellants will be allowed thirty (30) days to comply with the rule, by filing two additional copies of the transcript.

It is so ordered.

BROWNE, C. J., AND TAYLOR AND ELLIS, J. J., concur.

WHITFIELD AND WEST, J. J., dissent.

ELLIS, J., concurring.

The Act violates Section 2 of the Constitution—unauthorized interference by the legislature with the inherent power of the courts to regulate the manner of hearing and considering causes submitted. The number of transcripts to be filed and the character of such papers is a matter entirely within the sphere of the duties of the court. 26 Mont. 37.

WHITFIELD, J., dissenting.

If the provisions of Section 2 of Chapter 8482 relating to the Clerk's fees may be regarded as having no direct and appropriate relation to the preparation, form and filing of transcripts of records in the Supreme Court, which is the subject expressed in the title, so that the provisions in Section 2 as to Clerk's fees are not "matters properly connected" with the subject expressed in the title of the Act, such provisions may be treated as eliminated and the remainder of the Act which relates to the preparation and filing of transcripts being a portion at least of the subject expressed in the title or is "matter properly connected

therewith,'' may be made effective. Prairie Pebble Phosphate Co. v. Silverman, 80 Fla. 541, 86 South. Rep. 508; Carr v. Thomas, 18 Fla. 736; Wade v. Atlantic Lumber Co., 51 Fla. 628, 41 South. Rep. 72.

WEST, J., dissenting.

The court in this opinion rests its conclusion that the statute is invalid upon the ground generally that the title of the statute is defective in that it fails to give notice of the "main purpose" of the Act. I am not in accord with this conclusion.

The Constitution (Sec. 16, Art. III) provides that "each law enacted by the legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title.''

The *subject* only and *not matter properly connected therewith* is required to be briefly expressed in the title. Schiller v. State, 49 Fla. 25, 38 South. Rep. 706; Hayes v. Walker, 54 Fla. 163, 44 South. Rep. 747; Thompson v. State, 66 Fla. 206, 63 South. Rep. 423. And "it must be a plain case of violating the requirements of the organic law as to titles of acts before the courts will nullify statutes or portions thereof as not being within the purpose and scope of the subject as expressed in the title and of 'matter properly connected therewith.' If the title of an act fairly gives notice of the subject of the act so as to reasonably lead to an inquiry into the body thereof, it is all that is necessary.'' Butler v. Perry, 67 Fla. 405, 66 South. Rep. 150; Ex Parte Pricha, 70 Fla. 265, 70 South. Rep. 406.

The opinion holds that the title of the act "is misleading in that it has reference to the preparation, form and filing of transcripts of record in the Supreme Court,'' whereas the "main purpose" of the act is "to change existing laws

and rules of courts as to the number of transcripts to be filed and the fees to be paid therefor."

The title is "An Act Relating to Preparation, Form and Filing of Transcripts of Records in Civil Cases in the Supreme Court." The subject of the legislation is "transcripts of records in civil cases in the supreme court," their preparation, form and filing. This subject is "briefly expressed" in the title. If the *number* of transcripts of record to be prepared and filed, with *fees* which the officers making them are authorized to charge for such service in their preparation, is not a part of this subject, then obviously it is "matter properly connected therewith," and the title gives ample notice to "reasonably lead to an inquiry into the body thereof," for such matter.

Upon the other point alluded to but not decided I reserve opinion. If in practical operation the filing of one copy only of the transcript of the record in this court should tend to hamper the court, as it probably would, in its work and thereby interfere with and delay the administration of justice, the court may, by virtue of its inherent power, ignore the attempt at legislative encroachment upon such power, but upon this point, because it is not necessary at this time, I express no opinion.