MIAMI TRANSIT CO. v. ERNEST AMOS, as State Comptroller, *et al.*

156 So. 279.
Division B.
Opinion Filed July 25, 1934.

*J. W. Watson, Jr., Lee M. Worley* and *R. B. Gautier,* for Appellant;

*Cary D. Landis,* Attorney General, and *H. E. Carter,* for Appellees.

WHITFIELD, P. J.—The Miami Transit Company brought suit against the State Comptroller and the tax assessor and tax collector of Dade County, Florida, seeking to enjoin the defendants from assessing or collecting any tax, license charge or fee whatsoever under Chapter 14574, Acts of 1929, "from or against the complainant or all and singular its passenger buses" operated in the cities of Miami and Hialeah, Florida. The court sustained demurrers which were incorporated in the answers; and the complainant failing to amend the bill of complaint, it was dismissed. Complainant appealed.

Chapter 14574, Acts of 1929, provides for the assessment and collection of *ad valorem* taxes on motor vehicles (before the adoption of the constitutional amendment of 1930 exempting motor vehicles from *ad valorem* taxes) ; and by the necessary intendments of its provisions, the Act operates

to change prior laws respecting the taxation of motor vehicles; but such operation does not violate Section 16 of Article III of the Constitution, since there is no express amendment of other statutes, but the enactment of separate and distinct provisions concerning *ad valorem* taxes upon motor vehicles.

The provisions of Chapter 14574 relate to one legislative subject, viz.: the taxation of motor vehicles, and matters properly connected therewith, which subject is sufficiently expressed in the title of the Act. Provisions of the Act operate in conjunction with other statutory provisions relating to the same subject or to matters properly connected therewith. The Act does not contain provisions on a distinct subject not related to the subject expressed in the title of the Act, as in State, *ex rel.*, v. Burns, 38 Fla. 367, 21 So. 290. The title is not misleading as in Davis v. Wilson & Toomer Fert. Co., 84 Fla. 102, 92 So. 916.

The statutes provide for a uniform and equal rate of *ad valorem* taxation throughout the State for State purposes and throughout the various subordinate taxing units respectively; and there is no showing of a denial of due process or of equal protection of the laws in the operation of the statutes.

Allegations of the bill of complaint are designed to show the complainant is operating motor vehicles for hire at a loss, but this does not show illegality in the tax assessments. See Miami Transit Co. v. McLin, 101 Fla. 1233, 133 So. 99, and authorities there cited.

Affirmed.

BROWN and BUFORD, J. J., concur.

ELLIS and TERRELL, J. J., concur in the opinion and judgment.

DAVIS, C. J., disqualified.