WILLIAM A. CLINTON v. STATE.

196 So. 684
Division A
Opinion Filed June 11, 1940

*John R. Parkhill,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Defendant in Error.

THOMAS, J.—The plaintiff in error was charged in an information with having possessed beverages of an alcoholic content of more than 14 per centum, by weight, in containers lacking excise liquor stamps and with having theretofore "plead guilty in this court" of the same offense and having been "adjudged by the court guilty of said charge * * *." (Chapter 16774, Laws of Florida, Acts of 1935, Sec. 15.)

He urges that the allegation of the prior prosecution was insufficient because it was not specifically averred that the defendant had been formerly *convicted* of the crime, that being the particular expression used in the statute.

The statements that the plea of guilty had been entered

and that the guilt had been adjudicated met fully the requirements of the statute and are synónymous, so far as this case is concerned, with conviction.

To support the attack on the information, reliance is placed on the decision in Smith v. State, 75 Fla. 468, 78 South. Rep. 530, but in that case the indictment merely set out the plea without showing that there had been a formal adjudication of guilt by the court. That is the distinguishing feature between the cited case and this one.

When a defendant is formally charged with violation of a statute and it is alleged that he pleaded guilty to a former identical violation and that the court capped the plea with an adjudication of the guilt the defendant had acknowledged, such a pleading meets the requirements of the statute denouncing the repeated offense.

The remaining question needing consideration is the one challenging the sufficiency of the proof that the defendant and the person formerly convicted were the same. Unquestionably the State was required to do more than introduce the records of the earlier trial and could not rely alone on the similarity or identity of names. This was clearly established in Thompson v. State, 66 Fla. 206, 63 South. Rep. 423.

From the record it appears that a supervisor of the State Beverage Department, while testifying for the State after relating his experiences when a search of the defendant's property was made, added: " * * * I said to Clinton—I said, 'Clinton, you have already been in trouble about this; why don't you cut this stuff out?' " Over objection the witness was permitted to quote the defendant as saying that " * * * times have been hard * * *." The witness was then asked if the defendant had been "adjudged guilty in this court on the 18th day of April, of this year?" The court

halted the examination and admonished the prosecuting attorney that he would "have to put the record in first."

No further light was thrown on the identity of the defendant during introduction of the State's evidence except the filing of certified copies of a prior information against one *Wm. A.* Clinton, and of the record showing plea and adjudication of guilt.

Upon the announcement that the State had concluded its evidence defendant moved for an instructed verdict because of failure to establish the former conviction. The court refused the charge and at the close of the trial instructed the jury "Now, where two names are the same, the law presumes that they relate to the same person, in the absence of proof to the contrary."

This was manifest error.

The last phase of the discussion will deal with the Attorney General's position that the mistake was rendered harmless by the defendant's testimony. Sole support for this contention was the following reply of one of the defendant's witnesses: "I was working there" to the question: "Did you work for him (defendant) in February of this year? when they arrested him and he plead guilty up here to the possession of moonshine whisky?" and the statement of another witness for the defense that he heard about the plea of guilty of possession of "moonshine."

Such testimony was not enough to establish the prior conviction of the person then on trial or to justify the instruction that we have quoted.

Justice demands a new trial and it is, therefore, ordered that the judgment be—

Reversed.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.