573 So.2d 405 (1991)
Alton Freddie MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00607.
District Court of Appeal of Florida, Second District.
January 23, 1991.
Robert W. Pope of Pope & Henninger, P.A., St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Alton Freddie Miller appeals his conviction by a jury of possession of a firearm by a convicted felon. We reverse.
The appellant first challenges the trial court's order denying his motion to suppress the firearm. He failed to object to the introduction of the firearm into evidence at trial, however, and thereby waived his right to appeal this issue. See Rodriguez v. State, 433 So.2d 1273, 1275 (Fla. 3d DCA 1983).
*406 The appellant next challenges the denial of his motion for judgment of acquittal. At trial, the state introduced a certified copy of a prior judgment and sentence on one Freddie Miller to prove that the appellant was a convicted felon. The appellant objected on the ground that the state had failed to show that he was the same person named in the prior judgment and sentence. The trial court overruled the appellant's objection declaring that the similarity of names was sufficient, with the burden then shifting to the appellant to show that it was someone else. The appellant's motion for judgment of acquittal based on the same argument was denied. The state did not introduce any other evidence to prove the prior convictions.
A prior conviction is a substantive element to be proved by the state in prosecuting a defendant charged with possession of a firearm by a convicted felon. Harris v. State, 449 So.2d 892 (Fla. 1st DCA 1984). Analogous Florida cases hold that the identity of the accused with the person named in the documentation of a prior conviction must be proved by additional evidence. In State v. Harris, 356 So.2d 315, 317 (Fla. 1978), the supreme court held that in the prosecution of a subsequent petit theft, the historical fact of the prior conviction and questions regarding identity shall be determined by the court in accord with general principles of law. In Barnhill v. State, 41 So.2d 329, 332 (Fla. 1949), the supreme court held that proof of a prior conviction in a second prosecution of a beverage law violation must establish the historical fact of the prior conviction and the identity of the defendant as the perpetrator.
There are two lines of authority on the sufficiency of a name to establish the identity of an accused with the person named in the documentation of a prior conviction. Annotation, Evidence of Identity for Purposes of Statute as to Enhanced Punishment in Case of Prior Conviction, 11 A.L.R.2d 870 § 7 (1950). One line of authority, which the trial judge relied on, holds that identity of the name of the accused and the person previously convicted, in the absence of rebuttal, supports a finding of identity. Florida, however, has followed the line of authority that holds that the identity of an accused must be established by affirmative evidence, mere proof of identity of names being insufficient. Id. at 887, § 9; Clinton v. State, 143 Fla. 356, 196 So. 684 (1940); Thompson v. State, 66 Fla. 206, 63 So. 423 (1913).
We hold that Clinton and Thompson require proof of identity in addition to similar names to connect an accused with a prior conviction. See also Dowling v. State, 210 So.2d 280 (Fla. 2d DCA 1968). We therefore reverse the trial court's denial of the motion for judgment of acquittal and remand this case to the trial court with instructions to discharge the appellant.
Reversed and remanded.
SCHOONOVER, C.J., and RYDER, J., concur.