584 So.2d 647 (1991)
Nathan Blake KILLINGSWORTH, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2480.
District Court of Appeal of Florida, First District.
August 15, 1991.
Rehearing Denied September 17, 1991.
Nancy A. Daniels, Public Defender, and Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
*648 ALLEN, Judge.
The appellant appeals from his judgment of conviction and sentences for possession of a firearm by a convicted felon and culpable negligence, in violation of sections 790.23 and 784.05(2), Florida Statutes. Because we find that the state failed to prove a prima facie case as to either of these crimes, we reverse the judgment and sentences and remand with directions that the appellant be discharged.
On September 2, 1989, the appellant and his family went to the residence of Harold Smith and his family for a visit. The Killingsworth and Smith families were friends and visited together regularly. Shortly after the Killingsworths' arrival, Harold Smith walked outside to meet the appellant. Smith was followed by his young daughter, Rachel. He found the appellant seated in an automobile, loading a pistol. Momentarily, the pistol discharged and Rachel Smith was struck in the leg.
Evidence presented by the state's firearms expert revealed that the pistol had a dangerous loading procedure. Specifically, the hammer had to be pulled back for loading and could not be returned to its resting position without releasing the trigger. The firearms expert testified, "Anytime you are fiddling with the hammer, if the gun is loaded, the hammer could slip off [your thumb] and fire."
To prove that the appellant was a previously convicted felon, the state offered into evidence a certified copy of a May 31, 1989 judgment, adjudging "Nathan B. Killingsworth" guilty of aggravated assault. The state offered no extrinsic evidence that the appellant was the person named in the judgment.
As part of its prima facie case in a prosecution for possession of a firearm by a convicted felon, the state must prove that the defendant has previously been convicted of a felony. To do this, the state must prove the historical fact of a prior felony conviction and the identity of the defendant as the perpetrator. See Barnhill v. State, 41 So.2d 329, 332 (Fla. 1949). Although the historical fact of a prior felony conviction can be proved by introducing a certified copy of a prior felony judgment, McCaskill v. State, 564 So.2d 573 (Fla. 1st DCA 1990), mere identity between the name appearing on the prior judgment and the name of the defendant on trial does not satisfy the state's obligation to present affirmative evidence that they are the same person. See Miller v. State, 573 So.2d 405 (Fla. 2d DCA 1991), and authorities cited therein.
Because the certified copy of the judgment introduced in the trial below was the only evidence offered by the state to prove that the appellant was a convicted felon, the appellant's identity as the person named in the judgment was never satisfactorily proved in the state's case in chief. See Wagner v. State, 421 So.2d 826 (Fla. 1st DCA 1982) (state may not rely upon evidence presented during defendant's case to supply essential missing links in the state's prima facie case). Therefore, the trial court erred in denying the appellant's motion for judgment of acquittal on the count charging him with possession of a firearm by a convicted felon.
Culpable negligence is negligence of a gross and flagrant character which evinces a reckless disregard for the safety of others. It is that entire want of care which raises a presumption of indifference to consequences. State v. Greene, 348 So.2d 3 (Fla. 1977).
The testimony presented at trial, considered in the light most favorable to the state, reveals that in the presence of others, the appellant was sitting in an automobile, loading a pistol. The appellant held the pistol between his legs. There is no evidence that he was pointing the pistol at anyone. Indeed, the uncontradicted evidence is that when the pistol discharged, it struck the interior of the automobile before it ricocheted and struck the child who was standing nearby. Even the child's father, state witness Harold Smith, said, "The way he had it pointed, I didn't see where it was no danger of it. I have had guns, and I have loaded them like that." This evidence does not suggest negligence of a gross and flagrant character, evincing a reckless disregard *649 for the safety of others. Compare Heston v. State, 484 So.2d 84 (Fla. 2d DCA 1986); Dominique v. State, 435 So.2d 974 (Fla. 3d DCA 1983); Parker v. State, 318 So.2d 502 (Fla. 1st DCA), cert. denied, 330 So.2d 21 (Fla. 1976); and Getsie v. State, 193 So.2d 679 (Fla. 4th DCA 1966), cert. denied, 201 So.2d 464 (Fla. 1967). Therefore, the trial court erred in denying the appellant's motion for judgment of acquittal on the count charging him with culpable negligence.
The judgment and the sentences are reversed. This cause is remanded to the trial court with directions that the appellant be discharged.
WIGGINTON and WOLF, JJ., concur.