592 So.2d 322 (1992)
Paul SINKFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2876.
District Court of Appeal of Florida, First District.
January 2, 1992.
Nancy A. Daniels, Public Defender, and Abel Gomez, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant Paul Sinkfield has moved for rehearing of this court's per curiam affirmance of his conviction of possession of a firearm by a convicted felon, alleging conflict with Miller v. State, 573 So.2d 405 (Fla. 2d DCA 1991), and with an opinion issued after the issuance of the original mandate in the instant case,[1]Killingsworth v. State, 584 So.2d 647 (Fla. 1st DCA 1991). We grant the motion for rehearing, withdraw our previous opinion and substitute the following therefor.
Sinkfield was charged with possession of a firearm by a convicted felon, of which a prior felony conviction is a substantive element. Harris v. State, 449 So.2d 892, 896 (Fla. 1st DCA 1984). As its evidence on this element, the state introduced a certified copy of a June 11, 1987 judgment against "Paul Sinkfield" for attempted robbery. The court specifically asked defense counsel if he had any objection *323 to the introduction of the judgment into evidence. Counsel responded, without qualification, "No, objection, Your Honor." At the close of the state's case, the defense moved for judgment of acquittal, arguing that the state had not proved that the "Paul Sinkfield" named in the certified copy was the same person on trial. The judge took the motion under advisement and sent the case to the jury, which convicted Sinkfield as charged. The motion was later denied.
In support of its argument, Sinkfield cites Miller v. State, 573 So.2d 405 (Fla.2d DCA 1991). In that case, the state similarly introduced a certified copy of a judgment and sentence to prove that Miller was a convicted felon, over Miller's objection that the state had not shown he was the same person named therein. The trial court denied a motion for judgment of acquittal on the same issue. The appellate court reversed, finding that the identity of the accused with the person named in the certified copy must be established by affirmative evidence, mere proof of identity of names being insufficient. Miller at 406, citing Clinton v. State, 143 Fla. 356, 196 So. 684 (1940) and Thompson v. State, 66 Fla. 206, 63 So. 423 (1913).
Miller is unlike the instant case, in that the appellant in Miller objected to the admission of the certified copy of the judgment and sentence on the ground that the state had not shown its identity with himself. The issue of identity was therefore placed before the trial court, which had the opportunity to, and did, rule (albeit incorrectly) that identity of names was sufficient to prove the element of prior conviction. In the case at bar, not only did Sinkfield fail to object on any ground to the admission of the certified copy, his counsel affirmatively averred, in response to inquiry by the trial judge, that he had no objection to the admission of the copy. Therefore, Miller appears distinguishable from this case.
However, after the issuance of the original mandate herein, this court issued its opinion in Killingsworth v. State, 584 So.2d 647 (Fla. 1st DCA 1991). Like Sinkfield, the Killingsworth defendant did not object on any ground to the admission of a certified copy of a judgment and sentence introduced by the state to prove prior conviction (although this fact is not explicitly stated in the opinion). The Killingsworth court nevertheless relied on Miller to hold that the mere identity between the name appearing on the prior judgment and the name of the defendant on trial does not satisfy the state's obligation to present affirmative evidence that they are the same person. The court therefore held that a motion for judgment of acquittal should have been granted, and ordered the appellant discharged.
Killingsworth is indistinguishable from the instant case, and we find that, based thereon, Sinkfield's conviction for possession of a firearm by a convicted felon must be reversed, and Sinkfield discharged. However, pursuant to Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure, we certify the following question to be of great public importance:
With regard to the offense of possession of a firearm by a convicted felon, if the state, in fulfillment of its obligation to prove the essential element of a prior conviction, introduces a certified copy of a judgment and sentence bearing a name identical to the defendant, and the defendant does not object thereto on the ground that the conviction has not been shown to belong to him, does the state remain obligated, as set forth in Thompson v. State, [66 Fla. 206] 63 So. 423 (Fla. 1913) and Clinton v. State, [143 Fla. 356] 196 So. 684 (Fla. 1940), to produce additional evidence that the defendant is the same person named in the certified copy?
Sinkfield's conviction is reversed, and he is ordered discharged.
JOANOS, C.J., and SHIVERS and ERVIN, JJ., concur.
NOTES
[1] The motion was timely filed pursuant to our order granting appellant's motion to withdraw the mandate and republish the opinion because appellant did not timely receive a copy of our per curiam affirmance filed July 16, 1991. See Gardner v. State, 375 So.2d 2 (Fla. 4th DCA 1979); Brown v. State, 502 So.2d 979, 980 n. 1 (Fla. 1st DCA 1987).