PER CURIAM.
 

 Appellant challenges his conviction for possession of firearm by a convicted felon. The trial court had bifurcated the proceeding on this offense. Appellant argues on appeal that the trial court erred in denying his motion for judgment of acquittal because the state failed to establish the identity of Appellant as the perpetrator of the prior felonies. We agree and reverse the conviction and sentence for the possession of firearm by a convicted felon offense. We affirm Appellant’s remaining convictions and sentences.
 

 As part of its prima facie case in prosecuting Appellant for possession of a firearm by a convicted felon, the state must prove that the historical fact of a prior felony conviction and the identity of the Appellant as the perpetrator.
 
 See Killingsworth v. State,
 
 584 So.2d 647 (Fla. 1st DCA 1991). Mere identity of the name appearing on the prior judgment and the name of the defendant on trial does not satisfy the states obligation to present affirmative evidence that they are the same person.
 
 Id.
 
 at 648.
 

 Although the state argued that Appellant was identified by his date of birth as well as his name, the certified judgments and sentences do not contain a date of birth for the perpetrator. The state also presented testimonial evidence of Appellants alleged arrest fingerprints matching the fingerprints on the judicially noticed judgments and sentences. However, the trial court sustained Appellants objection to the introduction of the actual arrest fingerprints into evidence. Thus, while a witness testified that the fingerprints matched, the state failed to prove that it was Appellants fingerprints on the arrest record. The trial witness did not generate the fingerprints on the arrest record and did not see the person identified by the arrest record actually being printed. Therefore, the state needed to produce additional evidence that Appellant was the perpetrator of the prior felonies but failed to do so. Accordingly, a reasonable trier of fact could not find the existence of the elements of the crime beyond a reasonable doubt.
 
 See Pagan v. State,
 
 830 So.2d 792 (Fla.2002);
 
 Banks v. State,
 
 732 So.2d 1065 (Fla.1999).
 

 AFFIRMED in part; REVERSED in part; and REMANDED for the trial court to discharge Appellant from the possession of a firearm by a convicted felon offense.
 

 ALLEN, PADOVANO and BROWNING, JJ., concur.