NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

B.M.,                                    )
                                         )
            Appellant,                   )
                                         )
v.                                       )          Case No. 2D17-4306
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
_____ )


Opinion filed November 6, 2019.

Appeal from the Circuit Court for
Hillsborough County; Barbara Twine-
Thomas, Judge.

Howard L. Dimmig, II, Public Defender,
and Joanna Beth Conner, Assistant
Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.


NORTHCUTT, Judge.

        Following an evidentiary hearing, the trial court adjudicated B.M. guilty of

two delinquent acts: (1) carrying a concealed weapon by a person under twenty-four

years of age who was previously found to have committed a delinquent act that would

be a felony if committed by an adult, a violation of section 790.23(1)(b), Florida Statutes (2016); and (2) being a minor in possession of a firearm, a violation of section 790.22(3). We reverse the adjudications because the State presented insufficient evidence to prove them. We remand for the trial court to vacate the disposition order.[1]

With regard to the count for carrying a concealed weapon, there are two methods of proving a prior felony conviction when the existence of the conviction is an element of the present offense. Landrum v. State, 149 So. 3d 98, 99–100 (Fla. 4th DCA 2014). They are: (1) admission of the whole record pertaining to the previous conviction or (2) a certified copy of the prior judgment of conviction in conformance with Florida Rule of Criminal Procedure 3.986. Landrum, 149 So. 3d at 99–100. Here, the State endeavored to prove, by introducing prior disposition orders, that B.M. had been found to have committed delinquent acts.[2] When asked by the trial court, B.M.'s counsel stated that she did not object to the introduction of that evidence. But at the close of the State's case she moved for a judgment of dismissal of the concealed weapon charge on

_____

[1]In Baldwin v. State, 857 So. 2d 249, 251–52 (Fla. 2d DCA 2003), this court held that pursuant to the definitions outlined in section 790.001, Florida Statutes (1999), which contains the same definitions as the statute at issue, a firearm cannot be considered a "concealed weapon" as defined by section 790.001(3)(a). The court in Wiggins v. State, 253 So. 3d 1196, 1197–99 (Fla. 1st DCA 2018), review dismissed, SC18-1766, 2019 WL 3713780 (Fla. Aug. 6, 2019), disagreed, concluding that a firearm is defined as a "weapon" under section 790.001(6). Because we determine that the evidence was insufficient to adjudicate B.M. guilty of the delinquent act of carrying a concealed weapon, we find it unnecessary to apply Baldwin in resolving this appeal.

[2]The present case involves prior disposition orders in delinquency cases rather than judgments of conviction, but this does not affect our analysis. Pursuant to Rule of Juvenile Procedure 8.115(d), a disposition order must indicate the disposition of each count, specifying the charge and the degree of offense similar to what is required in a criminal judgment. Rule 8.115(e) requires that the child's fingerprints also be affixed to a disposition order.

the ground that the State had failed to prove that B.M. was the person named in the earlier disposition orders. The trial court should have granted that motion.

"[A] certified copy of a judgment does not need further authentication to be admitted into evidence. A certified copy of an official public record is self-authenticating under section 90.902(4), Florida Statutes (2003), and needs no additional foundation other than what is required for a valid certification in that subsection." Moncus v. State, 69 So. 3d 341, 343 (Fla. 4th DCA 2011). However:

> When the State must establish the existence of a prior conviction to prove an essential element of an offense, merely introducing a judgment, which shows identity between the name on the prior judgment and the name of the defendant, is insufficient. Instead, the State must present affirmative evidence that the defendant and the person named on the prior judgment are the same person. This requirement is rooted in the requirement that the State prove the defendant guilty of every element of the offense beyond a reasonable doubt.

Id. (citations omitted). Here, the State adduced no evidence to prove beyond a reasonable doubt that B.M. was the person named in the prior disposition orders.

The State argues that by failing to object to the introduction of the copies of the disposition orders when the prosecutor advised the court that they indicated the lengthy past of B.M., B.M. stipulated that he was the person named therein. But under materially identical circumstances, in Sinkfield v. State, 592 So. 2d 322, 322–23 (Fla. 1st DCA 1992), the court reversed Sinkfield's conviction for being a felon in possession of a firearm. At Sinkfield's trial, the State offered a prior judgment into evidence. Id. at 322. Then:

> The court specifically asked defense counsel if he had any objection to the introduction of the judgment into evidence. Counsel responded, without qualification, "No objection,

- 3 -

> Your Honor." At the close of the state's case, the defense
> moved for judgment of acquittal, arguing that the state had
> not proved that the "Paul Sinkfield" named in the certified
> copy was the same person on trial. The judge took the
> motion under advisement and sent the case to the jury,
> which convicted Sinkfield as charged. The motion was later
> denied.

Id. at 322-23 The Sinkfield court reversed the conviction even though defense counsel specifically stated that he had no objection to the introduction of the prior conviction. Id. at 323. Accordingly, we reverse B.M.'s adjudication on the concealed weapon count.

Vis-a-vis the adjudication for being a minor in possession of a firearm, B.M. argues on appeal, as he did below, that the State did not prove that he was under eighteen years of age, a necessary element of the charge. When asked at the adjudicatory hearing how old B.M. was, the arresting officer testified merely that "[h]e was seventeen, I believe." B.M.'s objection to speculation was overruled. The officer's testimony was insufficient to establish that B.M. was a minor at the time he possessed a firearm. The officer did not testify that B.M. told him his age. He did not indicate that he previously knew B.M., nor did he provide his date of birth. The State contends that it proved B.M.'s age through the introduction of the prior orders of disposition. But, as discussed above, the State failed to prove that the B.M. was the person named in those dispositions. Therefore, the firearm possession adjudication must be reversed, as well.

Reversed and remanded with direction to vacate the disposition order.


LaROSE and SMITH, JJ., Concur.

- 4 -