# Third District Court of Appeal

### State of Florida

Opinion filed January 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2254
Lower Tribunal No. F21-14215
_____

**Trevis Presha,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Carlos J. Martinez, Public Defender, and Jennifer Thornton, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Daniel Colmenares, Assistant Attorney General, for appellee.

Before FERNANDEZ, BOKOR and GOODEN, JJ.

FERNANDEZ, J.

Defendant Trevis Presha appeals his conviction and sentence for possession of a firearm by a convicted felon. For the following reasons, we reverse Presha's conviction and sentence and remand to the trial court for entry of a judgment of acquittal on this charge.

In October 2021, the State of Florida charged Presha with one count of felon in possession of a firearm in violation of Florida Statute section 790.23(1), and one count of unlawful discharge of a firearm in public in violation of Florida Statute section 790.15(1), arising from events that took place on August 12, 2021.[1] At Presha's trial, before the jury was brought into the courtroom, the following discussion took place between the trial court, prosecutors, defense attorneys, and Presha about whether to bifurcate the case so that the jury could decide first whether Presha had possession of a firearm; then if found guilty, the jury would decide Presha's felon status:

> MS. CHASE (the State): Your Honor, it's the – Your Honor, there is one additional issue that needs to be addressed. The – they did move to sever the drug possession count, but due to the fact that it's a felon in possession case, unless they're stipulating to the fact that he's a felon, it needs to be bifurcated.
>
> MR. WILLIAMS (defense counsel): Oh, that's what you mean? Okay.
>
> THE COURT: Yes.

---

[1] Presha was also charged with possession of cocaine, but the State dismissed this charge after trial.

MS. CHASE: Okay.

THE COURT: Yes. It'll be a bifurcated trial. That's – that's based on the granting and the stipulation actually to the Motion to Sever. So, that's fine. There won't be any mention of the coke – coke possession.

MS. CHASE: Judge, I'm speaking about the fact that he's a convicted felon.

THE COURT: Well, the charge of possession of cocaine here has nothing to do with this prior record. You have his –

MS. CHASE: I'm not speaking about the cocaine possession charge at all, Your Honor. The fact that he is a felon in possession of a firearm, and there's also an additional charge of unlawful discharge of a firearm. The cha – the count should be bifurcated; it should be proven that he had a gun. And then if the jury comes back, then it should be whether or not he's a felon, unless Defense is stipulating.

THE COURT: Oh.

MS. COVE (also defense counsel): Otherwise, it's reversible error.

THE COURT: It's usually done that way.

MR. WILLIAMS: Yes, if you give me one moment, Your Honor, I just needed to talk with the defendant, really quick.

THE COURT: All right. In the meantime, we're all going to go to the bathroom two or three minutes.

(Thereupon, the Court went to recess at 1:55 PM: after which, the following proceedings were heart at 2:09 PM.)

MS. CHASE: Corrie Chase on behalf of the State.

THE COURT: All right. Ms. Chase. On behalf of the Defense?

3

MS. COVE: Haley Cove Assistant Public Defender.

MR. WILLIAMS: Payton Williams Assistant Public Defender.

THE COURT: All right. [Defendant] is present. So, Defense, do you want to bifurcate the possession of a firearm by a convicted felon between the possession of the firearm first, ask the jury to deliberate and find out, have them come back with an interrogatory that they found that [defendant] actually possessed a firearm and then go to the bi – to part two that he is a convicted felon?

MR. WILLIAMS: We – we'll – we will be stipulating at this time to his status.

THE COURT: All right. So, the – the case is bifurcated.

MR. WILLIAMS: Oh no, Judge –

MS. GUTIERREZ (also State attorney): They're stipulating, Judge, so –

MS. COVE: We don't – we don't need to bifur –

MR. WILLIAMS: We stipulating to his status as a convicted –

THE COURT: Oh, you're stipulating to his conviction.

MR. WILLIAMS: -- convicted felon status. Yes. Yes, Judge.

THE COURT: Okay. All right. [Defendant]?

THE DEFENDANT: Yes, ma'am.

THE COURT: So, sometimes what we do is that we just have the jury here, part one, which is first of all, whether you actually possessed a firearm. If they come back with a yes on that, then we – then the State can present evidence regarding whether or not you are a convicted felon.

4

THE DEFENDANT: Uh-huh.

THE COURT: Then they go and deliberate for that part, and then they come back. Your attorneys are choosing to do the entire trial in one – one presentation to the jury. So, when they go back to deliberate, they'll decide all of it, whether or not you possessed the firearm and whether or not you are a convicted felon, as opposed to doing it in two parts. Are you in agreement with that?

THE DEFENDANT: Well, about me being a convicted felon?

THE COURT: Well, no. By the way, that the – that the trial goes forward by them a jury hearing all of it in one piece.

THE DEFENDANT: And then splitting it down into sections.

THE COURT: As opposed to hearing it in two pieces.

MS. COVE: Instead of having it in two pieces.

THE DEFENDANT: I rather have it in one piece, ma'am.

THE COURT: You just want to get it over with?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. You need any more time to speak with your attorneys about that?

THE DEFENDANT: The only thing I want to know is if we're going to have the – the actual video footage of Officer Moyer talking to my wife, and my wife telling her what she did with the firearm, which – which was she had put it under her seat.

THE COURT: I don't know –

THE DEFENDANT: And then –

5

THE COURT: -- sir, I don't know how that's going to pan out, but your attorneys are –

THE DEFENDANT: And Officer Moyer –

THE COURT: -- aware of that, talk to them about that, and then the Court will decide whether that's admissible or not.

MS. COVE: That's the point.

THE DEFENDANT: Okay, yes, ma'am.

THE COURT: Okay. That's between you and your attorneys. But as far as not doing the trial in two parts, you're in agreement, let's do it in one part.

THE DEFENDANT: Yes, ma'am.

THE COURT: Is that correct?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right. So, there will be no bifurcation. Count one will be tried completely in one un-bifurcated. Okay. All right. Anything else before we bring the jurors in?

. . .

The trial court did not colloquy Presha about waiving his right to have the State prove beyond a reasonable doubt that he was a convicted felon. The State filed a Request for Compulsory Judicial Notice for the trial court to take judicial notice of Presha's prior felony convictions, but the trial court never ruled on the request. The trial court also did not take judicial notice of Presha's prior conviction.

6

At trial, Miami-Dade Police Department Officer Marc Israel testified that on the day in question, he responded to the incident location after he heard shots fired. When he arrived at the scene, he saw Presha holding a black object in his hand. Officer Israel thought it was a firearm, but he was not sure. Presha walked around the parked car he was near, and Officer Israel saw Presha toss the object into the car. Officer Israel approached the car, where Presha's wife was sitting in the front passenger seat. Officer Israel stated he saw casings on the road on the driver's side mainly. Miami-Dade Police Department Officer Alyssa Moyer testified that she arrived as backup for her partner, Officer Israel. Officer Moyer looked inside the car and saw a holster. When she opened the vehicle door, she saw a black firearm on the floor of the car. Gun task force agents were contacted, and the agents notified the officers that Presha was a convicted felon. At that point, the officers contacted detectives. Presha and his wife were both detained until the detectives arrived to interview them.

Miami-Dade Police Department Detective Brent Speck arrived at the scene and recovered the firearm. Detective Speck read Presha his Miranda[2] warnings. Presha's entire interview by Detective Speck was recorded by

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

Officer Israel's body camera, which was introduced into evidence at trial. The following exchange took place, in pertinent part:

DETECTIVE SPECK: You know as a convicted felon you can't have possession of a firearm. You know that right?

DEFENDANT: Yes sir.
. . .
DETECTIVE SPECK: And you're fully aware that part of your status as a convicted felon, you're not allowed –

DEFENDANT: I'm straight. I don't, I ain't have no firearm.

. . .

DETECTIVE SPECK: I'm asking, as a convicted felon, are you allowed to have a gun?

DEFENDANT: Nah. You know that.

DETECTIVE SPECK: Okay.

The State did not enter Presha's prior felony conviction and sentence into evidence. The State did not ask the trial court to read any stipulation to the jury, nor did the State enter a stipulation into evidence. The jury was never told that the defense stipulated that Presha was a convicted felon.

The State then rested its case, and Presha moved for a judgment of acquittal. The defense argued that the State failed to make a prima facie case of guilt as to each element of the crime charged but did not specifically argue that the State failed to prove that Presha was a convicted felon. The State responded that the testimony of the two officers and the detective was

8

sufficient to present a prima facie case on the charges. The judge denied Presha's motion.

The jury instruction regarding a convicted felon possessing a firearm was not the same as the one in the Florida Standard Jury Instructions (Criminal) because it left out the definition of the word "convicted." Neither side objected to the proposed jury instructions. Presha did not testify on his own behalf, so the defense rested.

Before its closing argument, the State requested a sidebar where it told the trial court, "I just want to clarify for the jury that it was stipulated to that he's a convicted felon. We don't have to prove that element." Defense counsel did not object. During its closing, the State told the jury, "You're here because that man decided that he was going to shoot a gun into the air, which by itself is illegal. But it's even worse because he can't even possess a firearm, can't control one, can't use one because he's a convicted felon. That -- that's a fact. That's not something the State has to prove. It was stipulated to by the parties." Then, again, in its rebuttal closing, the State told the jury, "We already stipulated to the first count of the first crime that he is a convicted felon. So, that is not to be considered anymore, except the fact that it was proven in this case by stipulation." The defense again did not object. In its closing, the defense argued that the State failed to show beyond

9

a reasonable doubt that Presha was a felon in possession of a firearm. Defense counsel also stated, "You heard him say to the detectives, Yes, I know I'm a convicted felon."

The jury found Presha guilty on count I for possession of a firearm by a convicted felon but found him not guilty on count II, discharging a firearm in public. Presha was sentenced to four years in state prison followed by ten years reporting probation. He now appeals.

Presha argues that he never knowingly, intelligently, and voluntarily waived his right to have the State prove each essential element of the crime of possession of a firearm by a convicted felon beyond a reasonable doubt, nor did he affirmatively stipulate to his convicted felon status. He contends that the trial court never conducted a colloquy of him on this issue. Thus, the evidence the State presented at trial was insufficient as a matter of law to establish that Presha was a convicted felon. Consequently, he contends that the State failed to establish a crime was committed, which was fundamental error requiring a reversal and remand to the trial court for it to enter a judgment of acquittal. We agree.

Because defense counsel did not object, this Court reviews the error under a fundamental error analysis. F.B. v. State, 852 So. 2d 226, 229 (Fla. 2003). A fundamental error "must reach down into the validity of the trial itself

10

to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Id. (quoting Brown v. State, 124 So. 2d 481, 484 (Fla. 1960)).

To prove the charge of possession of a firearm by a convicted felon, the State is required to prove beyond a reasonable doubt that 1) defendant had been convicted of a felony, and 2) after the conviction, defendant knowingly owned or had in his care, custody, possession, or control a firearm. § 790.23, Fla. Stat. (2021); Fla. Std. Jury Instr. 10.15 (Crim.). In addition, Florida Standard Jury Instruction 10.15 (Criminal) states the word "convicted" "means that a judgment has been entered in a criminal proceeding by a court pronouncing the accused guilty."

According to Brown v. State, 719 So. 2d 882, 883 (Fla. 1998), "[W]hen a criminal defendant offers to stipulate to the convicted felon element of the felon-in-possession of a firearm charge, the Court must accept that stipulation, conditioned by an on-the-record colloquy with the defendant acknowledging the underlying felony conviction(s) and acceding to the stipulation." Specifically, the Florida Supreme Court's holding on this point was the following:

> Accordingly, we hold that when requested by a defendant in a felon-in possession of a firearm case, the trial court must approve a stipulation whereby the parties acknowledge that the defendant is, without further elaboration, a prior convicted felon. At the

11

same time, the State may place into the record, at its discretion, the actual judgment(s) and sentence(s) of the priory felony conviction(s). . . . We also agree with the State that, out of the jury's presence and after consultation with counsel, the defendant should be required to personally acknowledge the stipulation and his voluntary waiver of his right to have the State otherwise prove the convicted felony status element beyond a reasonable doubt.

Id. at 889.   Moreover, "[I]n whatever context the issue of waiver arises,  the goal of waiver remains constant: to ensure that any wavier of a substantial right be done knowingly, intelligently, and voluntarily and that a record be made to demonstrate this fact." Westberry v. State, 239 So. 3d 186, 190 (Fla. 3d DCA 2018) (citing Blair v. State, 698 So. 2d 1210, 1218 (Fla. 1997)).

In a scenario such as in the case before us, the defendant must personally acknowledge the stipulation and his voluntary waiver. This is because "the Fifth Amendment (due process) and the Sixth Amendment (jury trial) combine to 'entitle a criminal defendant to a "jury determination . . . of every element of the crime with which he is charged, beyond a reasonable doubt."'" State v. Poole, 297 So. 3d 487, 497 (Fla. 2020). In Brown, 719 So. 2d 882, the Florida Supreme Court and the State both agreed that a defendant should be colloquied regarding whether a defendant waives this right. The Brown Court analogized it to requiring a defendant's waiver of a six-person jury trial to be done "knowingly, intelligently, and voluntarily and

that a record be made to demonstrate this fact." Id. at 889 (quoting Blair, 698 So. 2d at 1217-19).

We agree with Presha that a full reading of the trial transcript shows that he did not give a knowing, intelligent, and voluntary waiver of his right to have the State prove each element of the crime of possession of a firearm by a convicted felon beyond a reasonable doubt. A reading of the discussion that took place at trial before the jury was brought in indicates that the focus of the questions and inquiry from the trial court was whether Presha agreed to do the trial in one piece or one proceeding, instead of splitting the trial of the two counts into two proceedings. None of the questions posed to him had anything to do with making sure he understood or was aware that he was giving up his right to have the State prove beyond a reasonable doubt an element of the crime of possession of a firearm by a convicted felon. Thus, Presha did not make a knowing, intelligent, and voluntary stipulation of his convicted felon status. Accordingly, the State did not establish an essential element of this crime, which constitutes fundamental error. As indicated in F.B., 852 So. 2d at 230-31:

> [A]n argument that the evidence is totally insufficient as a matter of law to establish the commission of a crime need not be preserved. Such complete failure of the evidence meets the requirements of fundamental error-i.e., an error that reaches to the foundation of the case and is equal to a denial of due process.

13

To prove the crime of possession of a firearm by a convicted felon, the State had to present evidence that Presha was a convicted felon. Snyder v. State, 921 So. 2d 871, 872 (Fla. 4th DCA 2006); Sinkfield v. State, 592 So. 2d 322, 323 (Fla. 1st DCA 1992). Without evidence of this indispensable element of the crime in question, Presha's possession of a firearm was legal. Thus, the evidence presented at trial to the jury was insufficient to establish that the crime of possession of a firearm by a convicted felon was committed by Presha.

The State concedes in its Answer Brief that the trial court did not conduct a proper colloquy of Presha as required by Brown. Nonetheless, the State argues, however, that the State presented evidence of Presha's prior felony conviction in the form of Presha's own admission to the officers that he was a convicted felon, as captured on Officer Israel's body worn camera.

However, a review of Officer Israel's body worn camera video shows that the exchange that took place between the two detectives on the scene and Presha indicated that the officers were asking Presha what he knew about the law regarding possession of a firearm by a convicted felon. In the video, Presha does not admit that he possessed a firearm, nor does he admit that he is a convicted felon. It does not appear that a fair reading of the exchange that took place indicates that Presha sufficiently admitted he was

14

a convicted felon. Thus, the statements that he made to the detectives post-Miranda were not direct evidence of him admitting to being a convicted felon so as to establish the element necessary for conviction of possession of a firearm by a convicted felon.

Without the stipulation or Presha's admission, the only methods for the State to prove at trial that Presha was a convicted felon was to 1) admit the "whole record" related to the previous felony conviction, or 2) provide "a certified copy of the judgment for the prior conviction in substantial conformance with Florida Rule of Criminal Procedure 3.986 . . . ." Landrum v. State, 149 So. 3d 98, 100 (Fla. 4th DCA 2014).[3] The State did not meet either of these requirements. Sinkfield, supra.[4]

---

[3] In addition, in proving that the defendant has previously been convicted of a felony, "the [S]tate must prove the historical fact of a prior felony conviction *and* the identity of the defendant as the perpetrator." Killingsworth v. State, 584 So. 2d 647, 648 (Fla. 1st DCA 1991) (emphasis in original).

[4] In Sinkfield, the trial court asked defense counsel if he had any objection to the introduction of a certified copy of a judgment against a "Paul Sinkfield" as evidence of prior felony conviction of the defendant, a substantive element of possession of a firearm by a convicted felon. 592 So. 2d at 322-23. Defense counsel stated he had no objection. Id. But at the close of the State's case, the defense moved for judgment of acquittal arguing that the State had not proved that the "Paul Sinkfield" named in the certified copy was the same person on trial. Id. at 323. The trial court took the motion under advisement, the case went to the jury, and the jury convicted the defendant. The trial court later denied the motion, and the defendant appealed. Id. The appellate court reversed, despite defense counsel not objecting to the issue, because the State did not comply with the strict requirements of proving the

Accordingly, because the error here was fundamental, we reverse Presha's final judgment of conviction and sentence for possession of a firearm by a convicted felon. We remand for the trial court to enter a judgment of acquittal on that charge.

Reversed and Remanded for Entry of Judgment of Acquittal on the charge of possession of a firearm by a convicted felon.

---

element of the crime. <u>Killingsworth</u>, 584 So. 2d 647; <u>State v. Dixon</u>, 193 So. 2d 62, 66 (Fla. 2d DCA 1966) (stating that "proof must be technical and specific" in proving defendant's prior conviction).