ON MOTION FOR REHEARING
PER CURIAM.
Appellant Pridgeon has moved for rehearing of this court’s affirmance of his conviction of possession of a firearm by a convicted felon, urging that the court has overlooked appellant’s objections raised at trial. We grant the motion for rehearing, withdraw our previous opinion and substitute the following therefor.
Appellant Pridgeon was tried and convicted on the charge of possession of a firearm by a convicted felon. One of the elements to be proved by the state in such a case is a prior felony conviction of the defendant. Thus, at trial the state intro *1005 duced into evidence two certified copies of felony judgments and convictions bearing the name “Paul K. Pridgeon.” After a state’s witness identified appellant as the “Paul K. Pridgeon” named on exhibit # 2 (a certified copy of judgment and conviction), defense counsel asked for, and was granted an opportunity to “voir dire” the witness. Upon questioning, it became clear that the witness’s testimony identifying appellant as the same “Paul K. Prid-geon” named on the document was merely hearsay testimony.[1] The following colloquy ensued:
Defense counsel: We object, Your Hon- or.
* * Jfe * * *
The Court: I think the document is self-authenticating. The document is admitted.
Shortly thereafter, with respect to the introduction of state’s exhibit # 1 (another certified copy of judgment and conviction),[2] defense counsel again established that the witness’s testimony identifying appellant as the same “Paul K. Pridgeon” named on exhibit # 1 was hearsay testimony.[3] Thereupon, defense counsel objected:
Defense counsel: We’d object on that ground, Judge, that they have not demonstrated this is the same person that’s named on the document.
The Court: The objection is overruled. The document is admitted.
*1006 We first note that the trial court correctly admitted the documents into evidence, albeit for the wrong reason. Even an authentic document will not be admitted if there is another exclusionary rule which is applicable. For example, when a document is hearsay, it is inadmissible even though it has been properly authenticated. Ehrhardt, Florida Evidence, § 902.1 (1992). The certified copies of judgments and convictions were admissible under Section 921.241, Florida Statutes (1989), for the limited purpose of proving that the fingerprints appearing thereon were the fingerprints of the defendant against whom judgment of guilt was rendered. The introduction of such documents, however, is not sufficient to establish a basic element of the crime charged, that the defendant on trial is the same convicted felon named on the certified documents. To establish this essential element of the crime, the state must produce affirmative evidence that the defendant on trial and the person named on the certified document is one and the same person. See Sinkfield v. State, 592 So.2d 322 (Fla. 1st DCA 1992); Killingsworth v. State, 584 So.2d 647 (Fla. 1st DCA 1991). One method of establishing this essential fact is through direct testimony.
Appellant’s argument must fail because we are unable to discern the nature of appellant’s objections at trial. It is axiomatic that in order to preserve an issue for appellate review, a specific and timely objection to the perceived error must be made at trial. Jackson v. State, 451 So.2d 458 (Fla.1984); Steinhorst v. State, 412 So.2d 332 (Fla.1982); Castor v. State, 365 So.2d 701 (Fla.1978); Sheffield v. State, 585 So.2d 396 (Fla. 1st DCA 1991). In the present case, it is unclear whether appellant was objecting to the introduction of the documents into evidence, or to the hearsay testimony of the state’s witness.[4] It seems apparent from the record that the trial judge considered the objections as addressing the admissibility of the documents themselves, as he responded to the objections by ruling the documents admissible. Thus, we must conclude that no specific hearsay objection to the officer’s testimony was raised, and that such hearsay testimony constituted affirmative evidence from which the jury could reasonably conclude that appellant was indeed the person named on the certified copies of judgment and conviction. Accordingly, we affirm.
AFFIRMED.
BOOTH, MINER and ALLEN, JJ„ concur.

.The hearsay nature of Officer Bill Fortner’s testimony is reflected by the following portion of the trial transcript:
Q. Officer Fortner, I show you state’s exhibit number two for identification, which purports to be a judgment and sentence naming a Paul Kenneth Pridgeon, which bears the certification as being a true and correct copy of the records maintained by the clerk of this court, and ask you to examine that and tell me whether or not you’re familiar with that judgment and sentence.
A. Yes, sir.
Q. Is the Paul Kenneth Pridgeon named in that judgment and sentence the same Paul K. Pridgeon that you previously identified?
A. Yes, sir, it is.
Q. And is the Paul Kenneth Pridgeon named in this judgment and sentence the defendant seated here—
A. Yes, sir.
Q. —in this courtroom?
A. Yes, sir, it is.
Mr. Blair: I offer this into evidence as state’s exhibit two, Your Honor.
Mr. Peters: May I voir dire?
The Court: You may.
Q. Were you in court during these proceedings, Officer Fortner?
A. No, sir, I was not.
Q. Well, how are you aware of this?
A. Through general knowledge and my association with other law enforcement officers in this county.
Q. So, in other words, somebody else told you about it?
A. Correct.
Q. At the coffee shop or somewhere else?
A. Or somewhere else, yes, sir.
Q. And based upon that you presumed that this is the same fellow?
A. Yes, sir.
Q. But you weren’t in court when these things happened?
A. No, sir, I was not in court when that happened.
Q. So you don't know whether it's the same Paul K. Pridgeon or not, do you?
A. Yes, sir, I do. I’ve known this defendant for some fifteen-plus years, and with the small community that we live in I do know that this is the same Paul Kenneth Pridgeon.
Q. Based upon hearsay information?
A. Yes, sir.
Q. But you were not in court?
A. No, sir, I was not in court.
Q. You didn’t see any of these activities occur?
A. No, sir, I did not see any of these activities occur.

. State’s exhibit # 1 had been earlier admitted into evidence subject to an objection raised at an unrecorded bench conference. Therefore, the nature of that objection is unknown to us and not part of the record on appeal.

. The hearsay nature of Officer Fortner’s testimony is reflected by the following portion of the trial transcript:
Mr. Peters: Have we admitted this exhibit number one, Your Honor?
The Court: Subject to the objection as noted, and I assume that objection has been cured. I haven’t seen the cure.
Mr. Peters: The reason I’m asking is I would like to ask Mr. Fortner the same line of questions regarding this exhibit as I did in exhibit number two.
The Court: You may.
Q. Mr. Fortner, I’m handing you state’s exhibit number one. Were you present during those proceedings?
A. No, sir, I was not.
Q. So, again, you don’t know, other than from what you’ve heard from other people, whether or not that’s the same person or not that’s named in that document.
A. That is correct, sir.

. Although appellant argued on motion for a new trial that the trial court erred by allowing the hearsay testimony of the state’s witness ra-garding appellant's prior felony conviction record, such argument does not constitute a timely objection.