647 So.2d 324 (1994)
Kevin Scott LOUIS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03037.
District Court of Appeal of Florida, Second District.
December 21, 1994.
*325 Paul D. Sullivan, Punta Gorda, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Patricia E. Davenport, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Kevin Scott Louis attacks his sentence as a habitual violent felony offender. He asserts that the state failed to prove he was the person convicted of the predicate felonies used to support the sentencing. We agree, and accordingly reverse his sentence and remand for resentencing.
The state must establish by affirmative evidence the identity of the accused as the person previously convicted of the predicate crimes. See Ruth v. State, 574 So.2d 225 (Fla. 2d DCA 1991); Miller v. State, 573 So.2d 405 (Fla. 2d DCA 1991). Here, a fingerprint expert testified, based on a comparison of Louis's fingerprints from the present cases with those in two previous cases, that Louis was that same person who had previously been adjudicated guilty of the qualifying felonies. The state introduced the documents the expert had used; certified copies of previous convictions that contained the fingerprints of the person convicted, and fingerprint cards that purported to contain Louis's fingerprints in the cases for which he was being sentenced. While each of these cards referenced one of the present case numbers, none bore a seal of the State of Florida or a signature of a court officer. Supposedly the fingerprinting had taken place at Louis's plea hearing, although this is not clear from a review of the cards because they are not dated. Louis objected to these fingerprint cards on the grounds that they contained hearsay and were unauthenticated, but the trial court admitted them. The state did not offer testimony from the deputy who had actually rolled the fingerprints.
The habitual offender statute states that, for the purpose of identifying the offender, "the court shall fingerprint the defendant pursuant to s. 921.241." § 775.084(3)(e), Fla. Stat. (1991). Section 921.241(2), Florida Statutes (1991), requires the court to affix the defendant's fingerprints to every written judgment of guilty of a felony. The judgment must contain the following certificate relating to the fingerprints:
"I hereby certify that the above and foregoing fingerprints on this judgment are the fingerprints of the defendant, ____, and that they were placed thereon by said defendant in my presence, in open court, this the ____ day of ____, 19__."
Such certificate shall be signed by the judge, whose signature thereto shall be followed by the word "Judge."
§ 921.241(2), Fla. Stat. (1991).
Section 921.241(3) makes a judgment that complies with section 921.241(2) admissible in court as prima facie evidence that the fingerprints appearing thereon are the fingerprints of the defendant. The certified copies of the predicate felonies conformed to section 921.241(2) and were admissible. Pridgeon v. State, 605 So.2d 1004 (Fla. 1st DCA 1992). Louis's fingerprint cards from the present cases were not part of a judgment. Although they contained certificates similar to the one set out above, they were not signed by the judge. The fingerprint cards were not, therefore, admissible under section 921.241(3). The state presented no evidence about how the fingerprints were obtained to *326 establish that the prints on the cards were Louis's.
Section 90.901, Florida Statutes (1991), requires authentication of evidence as a condition precedent to its admissibility. The state failed to authenticate these fingerprint cards and the trial court, therefore, erred in admitting them. Without the cards, there was insufficient proof that Louis was the perpetrator of the predicate offenses. Ruth; Miller. Accordingly, we reverse his sentence and remand for resentencing. If the state can prove Louis's identity as the perpetrator of the predicate crimes at the new sentencing hearing, the trial court may again sentence him as a habitual violent felony offender.
Reversed and remanded.
RYDER, A.C.J., and PATTERSON and FULMER, JJ., concur.