835 So.2d 272 (2001)
Paul E. HEMMY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-138.
District Court of Appeal of Florida, Second District.
December 5, 2001.
Rehearing Denied January 22, 2003.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer R. Haymes, Assistant Attorney General, Tampa, for Appellee.
BLUE, Chief Judge.
Paul E. Hemmy appeals his habitual felony offender sentence. He asserts that there was insufficient evidence presented to support habitual felony offender sentencing. We agree and, accordingly, reverse and remand for resentencing.
Mr. Hemmy was sentenced on a burglary of a dwelling conviction to ten years in prison as a habitual offender. At sentencing, Mr. Hemmy's counsel declined to stipulate that Mr. Hemmy qualified for habitual offender sentencing. Mr. Hemmy contends that the State then failed to establish both the requisite prior convictions and that he was the subject of those convictions. "The state must establish by affirmative evidence the identity of the accused as the person previously convicted of the predicate crimes." Louis v. State, 647 So.2d 324, 325 (Fla. 2d DCA 1994). Additionally, as to an out-of-state conviction, the State must establish that it is "substantially similar in elements and penalties to an offense in this state." § 775.084(1)(e), Fla. Stat. (1999). We have reviewed the record and agree that the State failed in both regards.
Accordingly, we reverse the habitual offender sentence and remand for a new sentencing hearing. Upon resentencing, Mr. Hemmy may again be sentenced as a habitual felony offender if the State can establish both the predicate convictions and the identity of Mr. Hemmy as the person named in those judgments of conviction.
Reversed for a new sentencing hearing.
GREEN and DAVIS, JJ., Concur.