BLUE, Chief Judge.
Jody Cox appeals the revocation of his probation, arguing that the State failed to prove that he committed a new law violation. We agree and reverse.
The State alleged that Cox violated a condition of his probation by engaging in reckless driving as evidenced by a citation issued by Hillsborough County Deputy Sheriff Gregory Mitchell. Although Deputy Mitchell was listed as a witness, he did not testify. Cox’s probation officer was the only witness at the revocation hearing. The probation officer identified a transcript of driver record from the Department of Highway Safety and Motor Vehicles, and the State was allowed to in *161 troduce the record into evidence over defense objection. The driving record showed adjudication was withheld for a reckless driving charge. The probation officer testified that the name and birthday on the driving record matched the name and birthday of the person he supervised. The probation officer did not observe Cox engage in reckless driving. Defense counsel argued that the driving record was admitted without a proper foundation and that the State failed to prove that the citation was issued to Cox. The trial court rejected these arguments, revoked Cox’s probation, and placed him on thirty-six months’ probation.
Cox argues that the similarity in names and birth dates is insufficient to meet the preponderance of the evidence standard for revoking probation. Since as far back as 1913, Florida has required more than an identity of names to prove that the person named in a prior judgment is the same person before the court on a new charge. Thompson v. State, 66 Fla. 206, 63 So. 423 (1913).
There are two lines of authority on the sufficiency of a name to establish the identity of an accused with the person named in the documentation of a prior conviction. One line of authority ... holds that identity of the name of the accused and the person previously convicted, in the absence of rebuttal, supports a finding of identity. Florida, however, has followed the line of authority that holds that the identity of an accused must be established by affirmative evidence, mere proof of identity of names being insufficient.
Miller v. State, 573 So.2d 405, 406 (Fla. 2d DCA 1991) (citations omitted).
This rule has been applied in the context of habitual offender sentencing, where a preponderance standard applies to the qualifying facts. In Louis v. State, 647 So.2d 324 (Fla. 2d DCA 1994), this court reversed a habitual violent felony sentence because the State failed to introduce sufficient evidence to connect the defendant to the predicate offenses. “The [S]tate must establish by affirmative evidence the identity of the accused as the person previously convicted of the predicate crimes.” 647 So.2d at 325.
While the State points out, for the first time on appeal, that the criminal report affidavit and the driving record share additional identifying information such as address and race, it does not necessarily follow that Cox actually committed the driving offense. See Sylvester v. State, 770 So.2d 249 (Fla. 5th DCA 2000) (holding that the mere identity of personal information does not prove that the named person actually committed the driving offenses). Although the State carries a lesser burden of proof in probation revocations, the State is not relieved of its burden. Because the State failed to present evidence sufficient to prove that Cox engaged in a new law violation by reckless driving, we reverse.
Reversed and remanded.
GREEN and KELLY, JJ., Concur.