873 So.2d 555 (2004)
Peter Joseph KLAUER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-3720.
District Court of Appeal of Florida, First District.
May 21, 2004.
*556 Peter J. Klauer, pro se, for Appellant.
Charlie Crist, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Peter Joseph Klauer, seeks review of the trial court's denial of his postconviction relief motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Of the multiple issues raised on appeal, we find that only one has merit and otherwise affirm. In his thirty-seventh claim for postconviction relief, which we treat as if it were a rule 3.800(a) claim, appellant asserted that he was illegally sentenced as a habitual felony offender because his federal offenses did not constitute qualified offenses pursuant to section 775.084(1)(c), Florida Statutes (1991).
Pursuant to section 775.084(1)(a) 1., Florida Statutes (1991), a habitual felony offender is a defendant who has previously been convicted of any combination of two or more felonies in Florida or other qualified offenses. A "qualified offense" is defined as:
any offense, substantially similar in elements and penalties to an offense in this state, which is in violation of a law of any other jurisdiction ... that was punishable under the law of such jurisdiction at the time of its commission by the defendant by death or imprisonment exceeding 1 year.
§ 775.084(1)(c), Fla. Stat. (1991). The State bears the burden of establishing that an out-of-state conviction is substantially similar in elements and penalties to an offense in Florida. Hemmy v. State, 835 So.2d 272, 272 (Fla. 2d DCA 2001).
We find that the record does not establish that the State satisfied its burden in this case. Furthermore, neither the trial court's order nor the State's response to this Court's order to show cause issued pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), conclusively refutes appellant's claim that his federal offenses did not constitute qualified offenses because they are not substantially similar in elements and penalties to Florida offenses. Accordingly, we reverse the trial court's order as to this claim and remand for resentencing. On remand, appellant may again be sentenced as a habitual felony offender if the State is able to establish the predicate convictions. See Bover v. State, 797 So.2d 1246, 1250 (Fla.2001) (remanding for proceedings consistent with the opinion and noting that the State should have the *557 opportunity on remand to present record evidence that other prior convictions existed); Wainer v. State, 798 So.2d 885, 886 (Fla. 4th DCA 2001) (reversing for resentencing and noting that, on remand, the State could again seek sentencing as a habitual felony offender subject to evidence of satisfactory predicate convictions).
REVERSED and REMANDED for resentencing.
BARFIELD, BROWNING and LEWIS, JJ., concur.