POLEN, J.
 

 Appellant, Jermaine Francis, was charged by information with driving while his license was revoked as an habitual offender. Following a jury trial, Francis was found guilty and sentenced to eighteen months imprisonment.
 

 The sole issue on appeal is whether the trial court erred in admitting into evidence
 
 *367
 
 a certified copy of Francis’ driving record in order to prove that Francis was an habitual traffic offender. During trial, the State showed the arresting officer a certified driving record from the Division of Driver’s Licenses and asked whether the name and date of birth matched those of defendant, and the officer replied that they did. Defense counsel objected to the admission of the driving record on the ground that the State failed to lay the proper predicate because name and date of birth do not conclusively establish that the driving record belongs to a defendant. The court found the predicate sufficient and admitted the driving record into evidence.
 

 The officer proceeded to testify that based on the driving record, Francis had been an habitual traffic offender in 1995, in 2000, and in 2004. Furthermore, Francis had never reinstated his license and did not have a valid license on the date of his arrest.
 

 Section 322.201, Florida Statutes, provides in pertinent part:
 

 A copy, computer copy, or transcript of all abstracts of crash reports and all abstracts of court records of convictions received by the department and the complete driving record of any individual certified by the department or by the clerk of a court shall be received as evidence in all courts of this state without further authentication, if the same is otherwise admissible in evidence. Further, any court or the office of the clerk of any court of this state which is electronically connected by a terminal device to the computer data center of the department may use as evidence in any case the information obtained by this device from the records of the department without need of such certification; however, if a genuine issue as to the authenticity of such information is raised by a party or by the court, the court may require that a record certified by the department be submitted for admission into evidence.
 

 § 322.201, Fla. Stat. (2008). This section allows the admission of a copy of a defendant’s driving record to show both habitual traffic offender status and notice of revocation.
 
 Sorrell v. State,
 
 855 So.2d 1253, 1254 (Fla. 4th DCA 2003).
 

 We affirm Francis’ judgment and sentence as the State complied with the statute in the present case. Although Francis argues that
 
 Cox v. State,
 
 816 So.2d 160 (Fla. 2d DCA 2002), requires reversal, we find
 
 Cox
 
 distinguishable. In
 
 Cox,
 
 the defendant was faced with probation revocation proceedings after allegedly committing a traffic offense.
 
 Id.
 
 at 160. The officer who wrote the citation did not appear to testify so the only evidence presented was the probation officer’s identification of a transcript of driver record from the Department of Highway Safety and Motor Vehicles and the probation officer’s testimony that the name and date of birth listed on the driving record matched defendant’s.
 
 Id.
 
 at 160-61. The Second District reversed the trial court’s revocation of probation and remanded for further proceedings because the identity of name and date of birth was insufficient to prove that Cox had committed the subject offense.
 
 Id.
 
 at 161.
 

 In
 
 Cox,
 
 the State admitted the driving record via a probation officer who was not the proper custodian of the record whereas in the present case the driving record was admitted via the arresting officer.
 
 Id.
 
 at 160. Moreover, in
 
 Cox,
 
 the only evidence of the violation of probation was a traffic citation on the driving record.
 
 Id.
 
 No witness could testify that they saw Cox commit an offense.
 
 Id.
 
 In fact, the court’s opinion focuses on the State’s failure to prove that Cox committed the new
 
 *368
 
 offense.
 
 Id.
 
 at 160-61. In the present case, the officer testified that she saw Francis driving the truck and, upon running Francis’ license, learned that his license was revoked.
 

 Finally, Francis never claimed below that the driving record did not belong to him. On this record, we find no error in the trial court’s admission of the driving record and affirm.
 

 Affirmed.
 

 WARNER and LEVINE, JJ., concur.