SEBRING, Justice.
Theodore Warren was informed against for a second offense against the beverage laws. Section 562.451, Florida Statutes 1951, F.S.A. He was tried and found guilty and sentenced to the state penitentiary. He has appealed from the judgment and sentence.
In an effort to prove that the defendant had been convicted of an offense against the beverage laws prior to the time of the alleged commission of the offense which formed the basis for the information for which the defendant was on trial, the trial court received in evidence, over the objection of the defendant, a certified copy of a judgment rendered in a prior proceeding in the County Judge’s Court of Madison County, Florida. The trial court also, allowed the County Judge of Madison County to testify, over seasonable objection by the defendant, that he had presided at the former trial of the defendant and that the judgment entered in the County Judge’s Court had never been reversed but was in full force and effect..
It is established by the decisions that the reception of such evidence constitutes reversible error. As is held in Norwood v. State, 80 Fla. 613, 86 So. 506, 508, in respect to a certified copy of a judgment of a prior conviction rendered in the County Judge’s Court, “The allegation in the [information] that the defendant had been theretofore convicted of a like offense was a necessary element in the crime with which he was charged. The whole record of .the first judgment of conviction should have been offered.” (Emphasis supplied.) By the term “whole record”' of the conviction and sentence is meant the record proper, “meaning the record of those elements necessary to show the existence of a, valid judgment in law without the aid of any presumptions of regularity and correctness;” that is to say, the information, the plea of the accused, the jurisdiction of the court, the verdict of the jury, and .the judgment and sentence of the court. These are the essential elements of the record *689 proper. See Jarvis v. Chapman, 118 Fla. 577, 159 So. 282, 160 So. 366.
The judgment appealed from should be reversed.
It is so' ordered.
TERRELL, Acting Chief Justice, HOB-SON, J., and PATTERSON, Associate Justice, concur.