WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence in the circuit court for Escambia County, by which appellant was adjudicated guilty of possession of a firearm by a convicted felon and sentenced to 20 years’ imprisonment as an habitual offender. We affirm.
With respect to the alleged error in denying appellant’s motion to suppress certain physical evidence and statements, the court’s conclusion that appellant voluntarily consented to the search of his house is supported by the evidence.
Appellant also asserts error in denial of his motion for judgment of acquittal based on alleged deficiency in proof of a previous felony conviction. Because the certified copy of the prior judgment in evidence in this case, like that in Parker v. State, 408 So.2d 1037 (Fla.1982), is substantially in the form set out in Fla.R.Crim.P. 3.986, we conclude as in Parker[1] that “the state may ... prove the conviction by the use of a certified copy of the judgment.” That con-elusion comports with the apparent intention of the rule to reflect on the face of the judgment a record of all of the elements previously held essential to prove a valid judgment without aid of presumptions. Cf., Warren v. State, 74 So.2d 688 (Fla. 1954); Ferguson v. State, 379 So.2d 163 (Fla. 3d DCA 1980).
SMITH and JO ANOS, JJ., concur.

. The point actually litigated in Parker, however, was the state’s right to submit such proof in lieu of a defense offer to stipulate.