844 So.2d 715 (2003)
Willie KEITH, a/k/a Willie Banks, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1600.
District Court of Appeal of Florida, Second District.
May 9, 2003.
James Marion Moorman, Public Defender, and Bruno F. DeZayas, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Willie Keith, a/k/a Willie Banks, appeals a judgment convicting him of felon in possession of a firearm and sentencing him to a total of thirty years' imprisonment as a habitual violent felony offender and a prison releasee reoffender. We affirm the conviction and sentence but address one issue. We hold that the certified copy of Mr. Keith's prior felony judgment, in the *716 form required by Florida Rule of Criminal Procedure 3.986, was sufficient to prove the prior conviction as an element of the crime and as a factor in imposing an enhanced sentence. Under these circumstances, the requirement in Warren v. State, 74 So.2d 688 (Fla. 1954), that the State must submit a "whole record" of a conviction to prove its valid existence is inapplicable.
Mr. Keith argues that he was entitled to a judgment of acquittal because the State could not prove that he was a convicted felon simply by proving identity and submitting into evidence a certified copy of his prior felony judgment and sentence. He argues that the State was required to produce the "whole record" of the prior conviction: the information, his plea, the jurisdiction of the court, the verdict of the jury, and the judgment and sentence. See Warren, 74 So.2d 688 (reversing conviction for "second offense against the beverage laws" because trial court erred in allowing into evidence certified copy of prior conviction to prove first offense without requiring "whole record"); Dowling v. State, 210 So.2d 280 (Fla. 2d DCA 1968) (noting that State met elements necessary to prove prior conviction as required by Warren in conviction for possession of a pistol by convicted felon). Similarly, Mr. Keith argues that his sentence could not be enhanced as a result of this same prior conviction without evidence of the "whole record."
Both Warren and Dowling, however, were decided before the Florida Supreme Court promulgated the standard forms related to judgments and sentences in Florida Rule of Criminal Procedure 3.986. See In re Florida Rules of Criminal Procedure, 315 So.2d 172 (Fla.1975).[1] A judgment and sentence in compliance with that rule contains the fingerprints of the defendant as well as information about the plea of the accused, the jurisdiction of the court, the verdict of any jury, the crimes for which the defendant stands convicted, the nature of the adjudication, and the sentence. We conclude that Warren's requirement of a "whole record" is satisfied by a certified copy of a judgment and sentence in conformance with rule 3.986.[2]See McCaskill v. State, 564 So.2d 573, 574 (Fla. 1st DCA 1990) (concluding that certified copy of judgment essentially in form set out in rule 3.986 was adequate to prove defendant's prior felony conviction). Because *717 Mr. Keith's prior judgment and sentence were in the form required by rule 3.986, the trial court correctly admitted it into evidence, and it was properly relied upon to convict and sentence Mr. Keith.
Affirmed.
SALCINES and KELLY, JJ., concur.
NOTES
[1] In re Florida Rules of Criminal Procedure, 315 So.2d 172, states only: "Appended to this order is Rule of Criminal Procedure 3.986 pertaining to a uniform Judgment and Sentence form to be used by the courts of this state in order to comply with Chapter 75-23, Laws of Florida 1975." Chapter 75-23 created section 921.24, Florida Statutes (1975) (currently section 921.241, Florida Statutes (2002)), which requires that every felony judgment be in writing, with the fingerprints of the defendant affixed thereon, and that any such judgment is admissible as prima facie evidence that the fingerprints appearing on the judgment are the fingerprints of the defendant against whom the judgment was rendered. There is no other explanation for the promulgation or use of the form judgment either in case law or in any commentary to the rule.
[2] We note that rule 3.986 originally created a "judgment and sentence" that was a single document. In re Florida Rules of Criminal Procedure, 315 So.2d 172 (Fla.1975). Since 1981, the rule has treated the two as separate orders. See In re Florida Rules of Criminal Procedure, 408 So.2d 207 (Fla. 1981). As such, Warren's emphasis on a "judgment and sentence" may reflect that the sentence was, at that time, an integral part of a judgment. Although we need not decide the issue, it may not be necessary to submit into evidence the prior sentence as well as the judgment when attempting to establish a prior conviction for felon in possession of a firearm. Indeed, a defendant may seek to exclude the sentence imposed on a prior conviction to avoid possible prejudice.