937 So.2d 1185 (2006)
Billy Roy CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-3731.
District Court of Appeal of Florida, Fifth District.
September 8, 2006.
*1186 James F. Cummins, Inverness, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Billy Carter appeals from an order determining that he qualifies as a "sexual offender" under section 943.0435, Florida Statutes (2005). We agree with the trial court's determination, and affirm.
In relevant part, section 943.0435 directs that a person be treated as a sexual offender if he or she has (1) been convicted of one of the sexual offenses enumerated in that statute, or of a "similar offense" in another jurisdiction; and (2) was released from the sanction imposed for the conviction on or after October 1, 1997. "Convicted" is expressly defined to mean "that there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld." § 943.0435(1)(b), Fla. Stat. (2005). A "sanction imposed" for a conviction is expressly defined to include probation. § 943.0435(1)(a)2, Fla. Stat. (2005).
The record in this case is clear that Carter pled nolo contendere on November 19, 1997, to the offense of sexual assault of a child in the District Court of Hardin County, Texas. That offense is a violation of Texas Penal Code section 22.011(a)(2), the elements of which are virtually identical to the charge of sexual battery defined in section 794.011, Florida Statutes.[1] Adjudication was withheld, and Carter was placed on probation for ten years. After two years, Carter applied for early termination of his probation. Carter's motion was granted on November 24, 1999. Therefore, he was released from his sanction in Texas after October 1, 1997. By the express terms of section 943.0435, Florida Statutes, Carter therefore qualifies as a sexual offender based upon his 1997 Texas conviction.
AFFIRMED.
THOMPSON and PALMER, JJ., concur.
NOTES
[1] The only discernible difference between the two laws is that Florida's statute provides differing offense levels based upon the age of the child. The Texas statute, by contrast, provides that the intentional or knowing penetration or union of the anus or sexual organ of any child younger than 17 years of age by any means (or the penetration of the mouth of the child by the sexual organ of the actor) constitutes a second degree felony. Sexual battery arising under section 794.011, Florida Statutes, is one of the offenses enumerated in section 943.0435, Florida Statutes.