939 So.2d 146 (2006)
LEROY HUDSON, Appellant,
v.
STATE OF FLORIDA, Appellee.
No. 4D05-2159.
District Court of Appeal of Florida, Fourth District.
September 20, 2006.
Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Leroy Hudson, appeals a final order of judgment and sentence. After a jury trial, Hudson was found guilty of one count of sexual battery against a mentally defective victim, and one count of attempted sexual battery against a mentally defective victim. The victim was the twenty-six-year-old daughter of Cynthia Walker, with whom Hudson had a relationship. As one of his issues on appeal, Hudson argues that the trial court erred in denying his motion for judgment of acquittal, as the State did not present expert testimony that the victim was mentally incompetent. We find no merit in this argument, but write to address the question of what evidence will constitute competent and substantial evidence of a mental defect. We hold that there was competent, substantial evidence of such presented in this case, and affirm the trial court's holding on all issues.
"Denial of a motion for judgment of acquittal is reviewed by the de novo standard." Sapp v State. 913 So. 2d 1220, 1223 (Fla. 4th DCA 2005).
If there is competent substantial evidence to support the jury's verdict, the trial court's denial of the motion will not be disturbed on appeal. In reviewing the trial court's denial of the motion for judgment of acquittal, the appellate court must follow the well settled principle that a defendant, in moving for a judgment of acquittal, admits all facts adduced in evidence, and the court draws every conclusion favorable to the state which is fairly and reasonably inferable from that evidence.
Id. "`Mentally defective' means a mental disease or defect which renders a person temporarily or permanently incapable of appraising the nature of his or her conduct." § 794.011(b), Fla. Stat.
This court and other courts have examined what constitutes sufficient evidence of mental defectiveness. In Schimele v. State, 784 So. 2d 591 (Fla. 4th DCA 2001), this court found that the State had presented sufficient evidence that the alleged victim was mentally deficient. The State presented the testimony of a psychologist, who determined that the victim was obviously mentally impaired. "He looked like a retarded man; his gait, his physical appearance and, above all, his voice, [immediately signaled that he was] a retarded person." Id. at 592. Other evidence included the results of an I.Q. test and the psychologist's testimony that "on the date of the offenses the victim was not able to give a knowing, voluntary, intelligent consent to having sexual relations with defendant." Id. at 593; see also Bowman v. State, 760 So. 2d 1053 (Fla. 4th DCA 2000) (evidence of low I.Q. score and testimony of psychologist constituted competent, substantial evidence supporting trial court's denial of motion for judgment of acquittal).
In the instant case, the State presented testimony from three witnesses that the victim was mentally deficient. Detective Cahir, who investigated the case and interviewed the victim, believed the victim to be about seven to nine years old mentally. Jean Swaby, a nurse at the Sexual Assault Center who examined the victim, thought she was "childlike and delayed," and documented that she appeared to be mentally challenged. Cynthia, the victim's mother, operated a home for mentally deficient children, and had adopted the victim at the age of six months. The victim attended school at Wingate Oaks, a school for educatable mentally deficient children. Cynthia and Hudson had discussions regarding the fact that the victim was mentally challenged. The victim also testified at trial, but had a hard time doing so, and could not remember the dates of the alleged incidents.
While the State did not present expert testimony or evidence of the results of an I.Q. test, we find that expert testimony is not an absolute necessity in proving mental deficiency. As long as there is competent and substantial evidence from which the jury may conclude the victim is mentally deficient, such that she or he is incapable of "consent," the matter is a question to be resolved by the jury. After reviewing the facts of this case, we find the testimony presented below constitutes competent, substantial evidence sufficient to withstand Hudson's motion for judgment of acquittal, and to allow the issue of mental deficiency to go to the jury. We affirm the trial court's denial of Hudson's motion for judgment of acquittal.
STEVENSON, C.J., and STONE, J., concur.
Not final until disposition of timely filed motion for rehearing.