966 So.2d 1031 (2007)
Omando WESBY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3024.
District Court of Appeal of Florida, Fourth District.
October 24, 2007.
Rehearing Denied November 16, 2007.
Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
*1032 BELANGER, ROBERT E., Associate Judge.
Omando Wesby appeals his conviction and sentence for failure to register as a sexual offender in violation of sections 943.0435(4) and 943.0435(9), Florida Statutes. Specifically, he claims that the trial court erred in failing to grant his motions for judgment of acquittal.
At trial, the parties stipulated that Wesby was a sexual offender. The evidence revealed that Wesby applied for, and received, an identification card at the DMV, which reflected that he had changed his address. When an officer went to the new address to verify Wesby's residence, the officer learned that Wesby did not reside there. After the state rested its case, Wesby moved for a judgment of acquittal, arguing that the state did not prove that he failed to register as a sex offender. The motion was denied. After Wesby rested his case without putting on any evidence, he again moved for a judgment of acquittal, arguing that he did not violate the plain language of the statute because he registered with the DMV. The court again denied the motion.
Wesby argues that the state failed to prove a violation of the statute as alleged in the information. We find that the information was adequate, as it referenced a specific section of the criminal code which sufficiently detailed all of the elements of the offense. Fulcher v. State, 766 So.2d 243 (Fla. 4th DCA 2000); DuBoise v. State, 520 So.2d 260 (Fla.1988); see also Cotton v. State, 395 So.2d 1287, 1289 (Fla. 1st DCA 1981) ("An information which is sufficient in other respects is not invalidated by reason of the fact that it is inartfully drawn.").
With respect to Wesby's remaining claims, we find that there is competent, substantial evidence to support the conviction. Fitzpatrick v. State, 900 So.2d 495, 507 (Fla.2005); Hudson v. State, 939 So.2d 146 (Fla. 4th DCA 2006).
Affirmed.
SHAHOOD, C.J., and STEVENSON, J., concur.