992 So.2d 862 (2008)
Gary W. MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-3372.
District Court of Appeal of Florida, Fifth District.
October 3, 2008.
*863 James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Moore challenges his conviction for failure to register as a sexual offender, arguing that the State did not prove this crime in the manner alleged and instructed to the jury. We conclude that the information allowed the State to prove the "sexual offender" under three theories, one of which was supported by prima facie evidence. Although the court failed to instruct the jury on this theory, fundamental error did not occur because Moore did not dispute the theory. Accordingly, we affirm.
Section 943.0435, Florida Statutes (2006), provides three ways for the State to establish that a defendant is a "sexual offender." First, a defendant is a sexual offender if he "[h]as been convicted of [an enumerated offense] in this state or similar offenses in another jurisdiction," and "[h]as been released on or after October 1, 1997, from the sanction imposed for [that offense]." § 943.0435(1)(a) Fla. Stat. (2006). Second, a defendant is a sexual offender if he "has been designated as a... sexual offender ... in another state or jurisdiction and was, as a result of such designation, subjected to registration...." § 943.0435(2) Fla. Stat. (2006). Third, a defendant is a sexual offender if he "[e]stablishes or maintains a residence in this state [while] in the custody or control of, or under the supervision of, any other state or jurisdiction as a result of a conviction for [an enumerated offense] or similar offense in another jurisdiction." § 943.0435(3) Fla. Stat. (2006).
Where an offense may be committed in various ways, the evidence must establish that it was committed in the manner charged. Marra v. State, 970 So.2d 475, 476-77 (Fla. 5th DCA 2007) (quoting Long v. State, 92 So.2d 259, 260 (Fla. 1957)). The information alleged, in pertinent part, that Moore did, "after having been convicted of Criminal Sexual Conduct, on 5/19/1986 knowingly and unlawfully fail to comply with the requirements of Florida statute 943.0435, to wit: by failing to register...." Based on this allegation, Moore argues that the State was limited to proving that he was a sexual offender only under subsection 943.0435(1)(a), not under subsections 943.0435(2) and (3).
However, without additional allegations, the phrase "after having been convicted of Criminal Sexual Conduct, on 5/19/1986," could support any of the three ways to establish a sexual offender under the statute. Specifically, to establish a sexual offender under subsection 943.0435(1)(a), the State would have had to allege that criminal sexual conduct was similar to an enumerated Florida offense and that Moore was released from the sanction for that offense on or after October 1, 1997. To establish that Moore was a sexual offender under subsection 943.0435(2), the State would have had to allege that because of the 1986 conviction, Moore was required to register as a sexual offender in Michigan. Or, to prove that Moore was a sexual offender under subsection 943.0435(3), the State would have had *864 to allege that the 1986 conviction for criminal sexual conduct was similar to an enumerated Florida offense and that Moore was still under Michigan supervision for that offense. Thus, the contested phrase failed to sufficiently allege the "sexual offender" element of the crime.
Even if an information fails to allege the essential elements of a crime, it is sufficient if it references specific sections of the criminal code detailing all the elements of the offense. DuBoise v. State, 520 So.2d 260, 265 (Fla.1988); see also Wesby v. State, 966 So.2d 1031 (Fla. 4th DCA 2007) (applying the above rule in a failure to register as a sex offender case). Consequently, the State's citation to section 943.0435 was sufficient to allow it to prove Moore was a sexual offender under any of the three theories provided in that statute.
During his motion for judgment of acquittal, Moore correctly argued that the State had failed to prove that he was a sexual offender by virtue of his 1986 Michigan conviction for criminal sexual misconduct. The State presented no evidence that this crime was similar to an enumerated Florida crime or that Moore was released on or after October 1, 1997, from the sanction imposed for that offense. § 943.0435(1), Fla. Stat.; compare Turner v. State, 937 So.2d 1184 (Fla. 5th DCA 2006) (affirming conviction for failure to register based on Minnesota conviction for offense comparable to an enumerated Florida offense); Carter v. State, 937 So.2d 1185 (Fla. 5th DCA 2006) (noting that defendant's Texas conviction was for an offense "virtually identical" to an enumerated Florida offense, thus requiring him to register in Florida). Nor did the State prove that Moore was still under Michigan supervision for that offense. § 943.0435(3), Fla. Stat.
However, the State did prove that Moore was required to register as a sexual offender in Michigan, which satisfied the "sexual offender" element under subsection 943.0435(2), Florida Statutes. Because the information referenced the statute and the State presented prima facie evidence of one of the theories enumerated in the statute, the trial court properly denied the motion for judgment of acquittal.
At the close of evidence, the State submitted faulty jury instructions to the court, which gave the instructions as submitted, without objection. The instructions on the elements of the crime defined a "sexual offender" only under subsection 943.0435(1), not under subsections (2) or (3). Consequently, the State failed to prove the crime in the manner instructed.
Because Moore failed to object to the instructions on the ground raised here, he must establish fundamental error to obtain reversal. Fundamental error in this context occurs "only when the omission is pertinent or material to what the jury must consider in order to convict." Wright v. State, 975 So.2d 498, 499 (Fla. 2d DCA 2007) (quoting State v. Delva, 575 So.2d 643, 644-45 (Fla.1991)). "Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error...." Id. (quoting State v. Weaver, 957 So.2d 586, 588 (Fla.2007)).
Although Moore disputed the issue of whether he was required to register in Florida because of his 1986 Michigan conviction, he did not dispute the fact that he was required to register in Florida because he was required to register in Michigan. Moore objected to the admissibility of two forms demonstrating that he was required to register in Michigan, but only on the ground that they did not prove he was required to register because of the 1986 conviction and therefore were not *865 relevant to the crime charged. The trial court admitted the documents after the State argued that it could prove the crime by showing that he was required to register in Michigan. Moore never contested the fact that he was required to register in Michigan. He only contested the fact that he was required to register in Florida because of the 1986 conviction in Michigan. Thus, although the trial court failed to properly instruct the jury on this element, fundamental error did not occur because Moore did not dispute the element. Wright.
AFFIRMED.
ORFINGER and TORPY, JJ., concur.