MORRIS, Judge.
Ronald L. Fox appeals the postconviction court’s denial of his motion for post-conviction relief filed under Florida Rule of Criminal Procedure 3.850. We affirm the postconviction court’s order.
Mr. Fox pleaded guilty to failing to register as a sex offender on May 4, 2012, and was sentenced to two years, ten months, and twenty-nine days in prison. Thereafter, Mr. Fox filed a rule 3.850 motion, claiming that his plea was unintelligently entered because the Michigan conviction upon which his failure to register as a sexual offender charge was based is not a conviction that required him to register as a sexual offender under section 943.0435, Florida Statutes (2011), and that he would not have pleaded guilty if he had known he was not required to register.
Mr. Fox is a “sexual offender” under section 943.0435(l)(a)(l)(b), because he “has been designated as a ... sexual offender ... in another state or jurisdiction and was, as a result of such designation, subjected to registration ... or would be if the person were a resident of that state or jurisdiction.” On July 25, 1997, Mr. Fox pleaded guilty to violating section 750.520(e), Michigan Compiled Laws (1995), Attempted Criminal Sexual Con-duet-4th Degree, and was sentenced to twenty-four months of probation. Michigan’s Sex Offenders Registration Act requires individuals convicted of a listed offense after October 1, 1995, to register as a convicted sex offender. Mich. Comp. Laws § 28.723 (1995). Section 28.722(d)(iv) defines listed offense as a “violation of section 520b, 520c, 520d, 520e, or 520g of Act No. 328 of the Public Acts of 1931, being sections 750.520b, 750.520c, 750.520d, 750.520e, and 750.520g of the Michigan Compiled Laws” or an attempt to commit one of the described offenses.
(Emphasis added.) Mr. Fox was required to register for twenty-five years under Michigan’s Sex Offenders Registration Act, and he would be required to register if he lived there today. See § 28.725(3). Thus, Mr. Fox is required to register as a sexual offender under section 943.0435(l)(a)(l)(b), Florida Statutes (2011). See Moore v. State, 992 So.2d 862, 864 (Fla. 5th DCA 2008) (holding proof that a defendant was required to register as a sex offender in Michigan satisfied the sexual offender element of section 943.0435).
Because Mr. Fox is required to register as a sexual offender under section 943.0435(l)(a)(l)(b), he failed to establish that his guilty plea was unknowingly entered.
Affirmed.
CASANUEVA and SILBERMAN, JJ„ Concur.