DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**GREGORY JOHN LANDRUM,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-2776

[September 3, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Colbath, Judge; L.T. Case No. 502011CF012696AXXMB.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melvin G. Mosier, Assistant Attorney General, West Palm Beach, for appellee.

***ON MOTION FOR REHEARING***

PER CURIAM.

We deny the motion for rehearing, but withdraw our previously issued opinion and substitute the following opinion in its place.

Gregory Landrum appeals his conviction for possession of a firearm by a convicted felon. Landrum argues that because the state failed to produce either the "whole record" of his prior conviction or a certified copy of the prior felony judgment, an indispensable element of the crime was not proven. We agree and reverse.

The appellate analysis required in this matter is straightforward. At trial and over the objection of the defendant, the state attempted to prove Landrum's prior felony conviction with copies of several different sets of Landrum's fingerprints, including one set indicating that Landrum was "adjudicated guilty," and a redacted photograph identification card from

the Department of Corrections.  After the state rested, Landrum moved for judgment of acquittal on the ground that the state did not introduce competent evidence of his felony conviction.  The trial court denied the motion and ultimately Landrum was found and adjudicated guilty and sentenced to prison.

The essence of the state's prosecution—and indeed the central element that must be proven before a defendant may be found guilty of this crime—is the issue of a prior felony conviction.  *See* § 790.23, Fla. Stat. (2011).  And, most important to our holding in this case, the number of possible methods available to the state to offer this proof at trial is strictly limited to two: (1) admission of the "whole record" pertaining to the previous felony conviction, *Warren v. State*, 74 So. 2d 688 (Fla. 1954), or (2) a certified copy of the judgment for the prior conviction in substantial conformance with Florida Rule of Criminal Procedure 3.986, *Keith v. State*, 844 So. 2d 715 (Fla. 2d DCA 2003).[1]

Prior to the creation of rule 3.986, the state was required to submit the "whole record" of the prior conviction to prove its existence.  *See Warren*, 74 So. 2d at 688.  The "whole record" includes the "information, the plea of the accused, the jurisdiction of the court, the verdict of the jury, and the judgment and sentence of the court."  *Id.*

The second viable method of proof of a prior conviction exists through rule 3.986 as recognized in *Keith*.  844 So. 2d at 716.  Promulgated by the Florida Supreme Court in 1975, rule 3.986 sets forth standard forms for judgments and sentences to be used by all courts.  *See In re Fla. Rules of Criminal Procedure*, 315 So. 2d 172 (Fla. 1975).  A judgment and sentence in conformance with rule 3.986 includes a defendant's fingerprints as well as information about each essential component of the "whole record" delineated in *Warren.  Keith*, 844 So. 2d at 716.

While *Warren's* "whole record" requirement for proof of a prior conviction remains the law of this state, the requirement "is satisfied by a certified copy of a judgment and sentence in conformance with rule 3.986."  *See id.* (citation omitted).

The fingerprints and photograph identification card presented by the state at trial did not set forth the "whole record" and the state did not

---

[1] In passing, we note that the legislature has expressly provided that the records of the Department of Highway Safety and Motor Vehicles can be used to show that a defendant has been previously convicted of the offense of driving under the influence.  § 316.193(12), Fla. Stat. (2014).  That alternate method of proof, however, is obviously not applicable in the instant case.

avail itself of the abbreviated method permitted by rule 3.986. Because the state failed to prove the heart of its case by either of the two approved methods, the defendant was not lawfully convicted of the charged crime. Therefore, we reverse and remand with instructions that Landrum be discharged.

In light of our holding, the other issues before us are moot.

*Reversed and remanded with instructions.*

MAY, CIKLIN and LEVINE, JJ., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**