DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KEVIN BURKS JERSHUN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-4279

[July 1, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey Levenson, Judge; L.T. Case No. 11-1963CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The State charged the defendant with one count of having a weapon while engaged in the felony offense of failing to report as a sexual offender, and one count of failure of a sexual offender to report in person to a driver's license office within forty-eight hours after a change in address. Among the issues raised, the defendant argues the court erred in admitting unauthenticated, hearsay documents. We find merit in this argument and reverse.

The facts leading up to the charges have little to do with the ultimate issue, but set the stage for this appeal. A law enforcement officer responded to a verbal dispute between two roommates, one of whom was the defendant. After speaking to the officer outside, the defendant went back inside the apartment.

Less than a minute later, the roommate ran outside yelling that the defendant had "maced" him. A few seconds later, the defendant exited the apartment, holding a can of pepper spray. The officer ordered him to drop the can, and detained him.

A Teletype revealed the defendant was a convicted sexual offender who failed to register his current address. The officer arrested the defendant, and secured the mace and a hand-held taser located in a case attached to the defendant's belt.

Before trial, the State filed a notice of intent to offer self-authenticating documents into evidence from the Florida Department of Law Enforcement ("FDLE"), the Broward Sheriff's Office, certified Department of Highway Safety and Motor Vehicles ("DHSMV") records, and certified copies of conviction. The State filed a second notice of intent concerning a Florida business and/or out-of-state certification, FDLE records with an affidavit, certified copies of conviction, and certified DHSMV records.

During its case-in-chief, the State called a local detective, who testified that he checks with the FDLE website when he receives a failure to report case to see if the person is properly registered. The State then asked to introduce its Exhibit 2, which was the subject of the notice of intent to offer self-authenticating documents. The State relied upon section 92.605, Florida Statutes (2011), which provides for the admission of "out-of-state record[s] of regularly conducted business activity" as an exception to the hearsay rule. § 92.605(5)(a)–(d), Fla. Stat. However, it also requires an "out-of-state certification" of the record. *Id.* Defense counsel objected and requested a side bar conference.

First, defense counsel objected to lack of notice, required by subsection (8) of section 92.605.[1] The State responded that two notices were sent. Defense counsel received only one of them due to the substitution of counsel just prior to trial. Defense counsel had, however, requested copies of anything that was sent prior to his representation of the defendant. The court overruled the notice objection.

Next, defense counsel lodged a hearsay objection. State's Exhibit 2 consisted of sixty pages.[2] The detective, while testifying, admitted that during his deposition he could not vouch for the FDLE records. The State responded that it had included an affidavit from the FDLE records custodian.

---

[1] "As soon after the arraignment as practicable, or [sixty] days prior to trial, a party intending to offer in evidence under this section an out-of-state record of regularly conducted business activity shall provide written notice of that intention to each other party." § 92.605(8), Fla. Stat.

[2] The exhibit was subsequently divided into Exhibits 2 and 3.

Defense counsel explained that for the State to prove its case, it had to introduce certified copies of the defendant's conviction and establish the defendant's identify by matching his fingerprints. The court suggested that the defendant had conceded his conviction before the court, but defense counsel maintained there was no stipulation concerning the defendant's conviction of a requisite sexual offense. The State argued that the defendant's willingness to register for six years was a concession, and the State was not required to prove the conviction unless identity was at issue. The court overruled the hearsay objection.

Next, defense counsel objected to authentication of the copies of judgments and sentences, as there was no certified disposition showing the defendant was a sexual offender. He reiterated his hearsay objection to the sixty-page document. The court agreed that defense counsel raised a good point and allowed him to voir dire the detective on the issue.

Upon questioning, the detective admitted he did not participate in the preparation of the documents, had no personal knowledge of their contents, and could not vouch for their accuracy. Defense counsel objected to the whole document as hearsay upon hearsay. He specifically objected to pages five through seven within the exhibit, the purported Army documents. The court overruled all of the objections on hearsay and authenticity.

When defense counsel addressed documents from the Federal Bureau of Investigation, he identified a document from the Army that contained the charges and convictions for "[k]nowingly receiv[ing] child pornography transported in interstate commerce via the Internet, and knowingly possess[ing] child pornography transported in interstate commerce via the Internet." They contained a finding of guilt.

The documents were NOT, however, identified by title. And on cross-examination, the detective admitted he did not have any firsthand knowledge of the documents, did not inquire of the military what the documents were, did not get a certified disposition from the military, and did not get a certified charging document.

He received the packaged materials from the FDLE. He could not testify as to their accuracy, their completeness, their authenticity, or their contents. He could not testify that the fingerprint cards matched the defendant's fingerprints. The detective did not know the statute numbers of the federal charges, and could not identify Articles 92 or 134 listed on

the Army documents.[3]

After completion of the State's case, the defendant moved for a judgment of acquittal on the grounds he raises in this appeal. The court denied the motion. The defendant then testified in his own defense, making several statements regarding his prior conviction and notice of the need to register as a sexual offender. At the close of the evidence, the defendant renewed his motion for judgment of acquittal, which was also denied.

The jury found the defendant guilty on both charges.[4] The court sentenced the defendant to concurrent terms of twenty-nine months in prison followed by thirty months of probation, with 668 days' credit for time served. He now appeals his conviction and sentence.

The defendant argues the trial court erred when it admitted inadmissible, unauthenticated hearsay documents, purporting to be a "general court martial order." He argues that, without this evidence, the State had no proof that he was convicted of an offense that would qualify him as a sexual offender, and required to register. And, the court erred in denying his motion for judgment of acquittal. The State responds that the defendant personally corroborated the documents. Thus, they did not constitute hearsay; and, in any event, the error was harmless. We disagree with the State in both respects.

We review evidentiary decisions for an abuse of discretion. *Armstrong v. State*, 73 So. 3d 155, 171 (Fla. 2011). Here, the trial court abused its discretion in admitting the unauthenticated "general court martial order" into evidence. Without that document, the State failed to prove the charges; the court erred in denying the motion for judgment of acquittal.

The State charged the defendant with use of a weapon during a felony (failure to register) and failing to register as a sexual offender. Section 943.0435, Florida Statutes (2011), defines a "sexual offender" for purposes

---

[3] Article 92 appears to be the failure to obey an order or regulation.

[4] During deliberations, the jury asked for "clarification [on] whether failure to comply with a statute constitutes an ongoing offense until that person falls back into compliance or does the failure to comply constitute an offense regardless of later actions?" The court instructed the jury to rely on the instructions given to them. The defendant has not raised this as an issue on appeal.

of the registration statute.[5]  Two provisions of the statute could apply in this situation.

The first one requires the State to prove the defendant was convicted of an enumerated Florida crime or a similar offense within another jurisdiction.  *Id.* § 943.0435(1)(a)1.a.  To do so, the State introduced unauthenticated, hearsay documents included within a sixty-page package obtained from the FDLE.  The documents purported to be from the Department of the Army, 82nd Airborne Division, at Fort Bragg, North Carolina, and included a summary of charges and findings.

To determine if a foreign conviction is "similar" to a Florida offense, the court looks only to the identity of the elements of the two crimes, not to their underlying facts.  *Dautel v. State*, 658 So. 2d 88, 90–91 (Fla. 1995).  The evidence here against the defendant was insufficient to establish that the foreign military offenses were similar to any enumerated Florida offenses.

In *Moore v. State*, 992 So. 2d 862 (Fla. 5th DCA 2008), the defendant was charged with failing to register as a sexual offender "after having been convicted of Criminal Sexual Conduct, on 5/19/1986" in Michigan.  *Id.* at 863–64.  "The State presented no evidence that his crime was similar to an enumerated Florida crime . . . ."  *Id.* at 864.  The Fifth District held that the state failed to prove the defendant was a sexual offender under section 943.0435(1)(a)1.a.  *Id.*  As in *Moore*, the State failed to prove the defendant

---

[5] A "sexual offender" subject to the registration requirements of section 943.0435 is defined in relevant part as a person who:

> a.(I) Has been convicted of committing . . . [an enumerated offense] in this state or similar offenses in another jurisdiction . . . ; and
>
> (II) Has been released on or after October 1, 1997, from the sanction imposed for any conviction of [an enumerated offense] . . . ; [or]
>
> b. Establishes or maintains a residence in this state and who has not been designated as a sexual predator by a court of this state but who has been designated as a sexual predator . . . , or by another sexual offender designation in another state or jurisdiction and was, as a result of such designation, subjected to registration or community or public notification, or both . . . .

§ 943.0435(1)(a)1.a.–b., Fla. Stat. (2011).

was convicted of a similar enumerated crime.[6]

> When the State must establish the existence of a prior conviction to prove an essential element of an offense, merely introducing a judgment, which shows identity between the name on the prior judgment and the name of the defendant, is insufficient. Instead, the State must present affirmative evidence that the defendant and the person named on the prior judgment are the same person. This requirement is rooted in the requirement that the State prove the defendant guilty of every element of the offense beyond a reasonable doubt.

*Moncus v. State*, 69 So. 3d 341, 343 (Fla. 4th DCA 2011) (internal citations omitted).

Here, the State submitted a package of documents. Pages five through seven reflected a violation of undefined "Article 134" based on the defendant (1) "knowingly receiv[ing] child pornography, transported in interstate commerce via the [I]nternet," and (2) "knowingly possess[ing] child pornography, transported in interstate commerce via the [I]nternet." The Army document further reflected the defendant violated undefined "Article 92" by "violat[ing] a lawful General order, to-wit: paragraph 2-301a2(d), DoD Directive 5500, 7-R, Joint Ethics Regulation, dated 25 Mar 96, by wrongfully using government communication equipment to access pornography."

The detective testified that he had no firsthand knowledge of the Army documents, did not know the provisions of the Articles violated, did not inquire as to what the documents were, did not get a certified disposition from the military, and did not get a certified charging document. He could not vouch for the accuracy of the documents, their completeness, their

---

[6] In *Moore*, the court found the state sustained its burden of proof on the alternative definition of sexual offender under section 943.0435(1)(a)1.b., Florida Statutes (2011). *Moore*, 992 So. 2d at 864. There, the defendant admitted he was required to register as a sexual offender in the State of Michigan. *Id.* Here, however, the State also failed to prove the defendant was required to register in the Army. First, the Army documents did not indicate a requirement that the defendant register. Second, even though the defendant admitted he was required to register, he steadfastly maintained he was required to register for only five years, and this testimony followed the court's denial of the motion for judgment of acquittal. And third, no documentary evidence established that he was either designated as a sexual offender or ordered to register.

authenticity, or their contents.

In short, the State offered no proof that the Army charges, or their elements, were similar to any enumerated qualifying Florida offense. In fact, the Army appears to have prosecuted the defendant for violations of various Articles of War, including conduct unbecoming an officer and misuse of government resources. These charges are not similar to any of Florida's enumerated sexual offender charges.

The State did not introduce a certified copy of the conviction. Rather, it introduced the FDLE records, which referenced a "general court martial order" within a package of records it received from the Department of Justice. That order contained summarized findings made by the U.S. Army. But no one from the Army, the FDLE, or the Department of Justice authenticated the document. The State simply failed to prove the defendant was a sexual offender under section 943.0435(1)(a)1.a.

The other provision that may have applied to require the defendant to register as a sexual offender was section 943.0435(1)(a)1.b., Florida Statutes (2011). That section defines a sexual offender in relevant part as a person residing in Florida, who was "designated" as a sexual predator or other sexual offender designation in another state or jurisdiction and subject to registration. § 943.0435(1)(a)1.b., Fla. Stat. To prove the defendant was a sexual offender under this provision, the State had to prove two things: (1) that the defendant was "designated" as a sexual predator or other sexual offender designation in another state or jurisdiction; and (2) that the defendant was "subjected to registration" as a result of that "designation." *Id.* Indeed, the Florida Statutes require the trial court to make such a written finding and designation at the time of sentencing. *See* § 775.21(5)(a), Fla. Stat. (2011).

Even if the improperly admitted court martial documents were considered, there was no proof that the defendant had been "designated" as a sexual offender. The three pages of documents from the Army contain NO designation. Thus, the State failed to prove the defendant was "designated" as a sexual offender under section 943.0435(1)(a)1.b.

The State maintains that the defendant's affirmative act of registering as a sexual offender for six years proves he was a sexual offender. However, defense counsel never stipulated to that fact at trial, and no fingerprints were compared to identify the defendant as the person who registered. And, even if his registration established he was "subjected to registration," it did not prove he was "designated" as a sexual offender. The State's proof was simply lacking.

The State also failed to establish that the documents were business records. *See Yisrael v. State*, 993 So. 2d 952, 956 (Fla. 2008). Here, the only authentication of the photographed document was a cover page, which stated:

> I, Dina Davis, am employed as a Government Analyst I in the Florida Offender Registration and Tracking Services, Division of Criminal Justice Information Services, at the Florida Department of Law Enforcement (FDLE), Tallahassee, Florida. As a records custodian, I am responsible for maintaining records for the Florida Offender Registration and Tracking Services, including, among other duties, receiving and recording information provided by persons or agencies to this Department, either directly or indirectly, pursuant to the statutory duties imposed on such persons or agencies under Florida law to which there was a duty to report. I am familiar with the filing system for this information.
>
> After being duly sworn, I hereby certify that the attached document(s), ***consisting of 2 page(s)*** are true and accurate copies of records received and kept in the regular course of official business by this Department of *electronic or hard copy FDLE Sexual Predator/Offender Registration forms* electronically or manually submitted by persons or agencies to FDLE on September 4, 2002 and maintained within the Florida Department of Law Enforcement's sexual offender database and/or physical hard copy file regarding KEVIN B JERSHUN, a black male with the date of birth of November 26, 1968.

(Emphasis added). Thus, the affiant attested to the certification of only the first two pages of the seven-page group of documents. The fifth through seventh pages were the Army documents.

The State also failed to establish that the records were public records under seal. *See Rogers v. State*, 944 So. 2d 513, 515–16 (Fla. 4th DCA 2006). The documents were not prepared by any agency or office of the State of Florida. The FDLE records did not establish a felony conviction by a court in another jurisdiction. The Army documents were unauthenticated, inadmissible hearsay. The trial court erred in admitting them.

Absent the inadmissible Army documents, the State failed to prove the

defendant was a sexual offender as defined by the Florida Statutes, an essential element of both counts. The trial court therefore erred in denying the defendant's motion for judgment of acquittal. *See Moore*, 992 So. 2d at 864; *Mason v. State*, 853 So. 2d 544, 546 (Fla. 1st DCA 2003).

The State argues that if the court erred in admitting the unauthenticated hearsay court martial document, then the error was harmless because the defendant's testimony proved that: (1) he was convicted of another jurisdiction's sexual offense similar to a Florida sexual offense enumerated in section 943.0435(1)(a)1.a.(I); and (2) another jurisdiction designated him as a sexual offender for which he was, as a result of such designation, subjected to registration, pursuant to section 943.0435(1)(a)1.b.

The State's attempt to prove the error harmless suffers from a fatal flaw: it relies entirely on the defendant's own testimony – testimony given only after the court denied the motion for judgment of acquittal. Needless to say, had the court granted the motion, the defendant would not have testified.

The State cannot fill in the missing elements of its case by relying on evidence introduced during the defense case. *State v. Pennington*, 534 So. 2d 393, 394–95 (Fla. 1988) (holding that a defendant does not waive his right to a judgment of acquittal by taking the stand and supplying essential elements of the state's case). Rule 3.380(b) of the Florida Rules of Criminal Procedure specifically preserves a defendant's motion for judgment of acquittal even after the defense puts on its case.

We reverse the defendant's conviction and remand the case for the defendant's discharge.

WARNER and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

9