CONNER, J.
Jeffrey Albert Gosling appeals his judgment and sentence after a jury found him guilty of failure of a sex offender to register with the Department of Motor Vehicles (DMV). On appeal, Gosling argues that the trial court erred in: (1) violating the rules of double jeopardy and collateral es-toppel based on the holdings of our previous opinion in which we overturned Gosling’s conviction, Gosling v. State, 97 So.3d 287 (Fla. 4th DCA 2012) (Gosling I); (2) failing to redact a portion of Gosling’s driver’s license record; (3) failing to grant Gosling’s motion for judgment of acquittal due to insufficient evidence that he failed to timely report a change of address; and (4) failing to grant Gosling’s motion for judgment of acquittal due to insufficient evidence that he was a “sexual offender” under the operative statute. We affirm as to argument one, without discussion. However, because we agree that the State failed to adequately prove that Gosling was a sexual offender under the applicable statutory definition, we reverse the conviction and sentence, and remand for the entry of a judgment of acquittal, making the second and third arguments moot.

Factual Background and Procedural History

In 1993, Gosling was convicted of a felony sexual offense in the state of New York. Prior to his arrest in this case on appeal, Gosling had been living in Florida for several years and was registering as a sex offender, following the Florida statutory requirements.
At trial on the sole charge, the State called three witnesses: the landlord who rented a residence to Gosling’s father, with whom Gosling was living before he moved to a different address, an Okeechobee County Sheriff’s Department public information officer, and a New York parole officer. From the landlord and the public information officer, the State presented evidence proving Gosling changed residences and did not timely register the change of address with the DMV. The parole officer was called to prove that Gosling was convicted of a crime which required periodic registration as a sex offender.
The parole officer testified that, although he never met or saw him, he began supervising someone named Jeffrey Gosling, beginning in 1996. The State then attempted to admit an exhibit into evidence, titled “Certificate of Disposition Indictment” (“the Certification”), but Gosling objected. The Certification contained the caption of “the People of the State of New York versus Jeffrey A. Gosling,” a date of birth for the named defendant, a date of arrest for the crime committed by the named defendant, the crime for which the named defendant was convicted, the sentence that the named defendant received, and was signed by a clerk of the court. The trial court sustained Gosling’s objection, ruling that there was an inadequate foundation laid to link the Jeffrey A. Gosling described in the Certification to the Gosling sitting at the defense table. However, after the public information officer testified to Gosling’s date of birth and the crime for which he was convicted, according to the Sheriffs Department records, both of which matched the Certification, the trial court ruled that a sufficient link had been made and admitted the Certification into evidence.
After the State presented its case-in-chief, Gosling moved for a judgment of acquittal, which the trial court denied. The jury returned a verdict of guilty, and Gosling was convicted and sentenced to forty-eight months in the Department of Corrections. Gosling gave notice of appeal.

*862
Appellate Analysis

Gosling makes two arguments on appeal regarding the denial of his motion for judgment of acquittal: (1) the trial court erred in admitting the Certification into evidence, and (2) even if the Certification was properly admitted, it is not sufficient to prove that Gosling was convicted of a crime that would qualify him as a “sexual offender” under the Florida or applicable statute. Since we determine that the Certification was not sufficient to prove that Gosling was convicted of a crime that qualified him as a sexual offender, we do not address admissibility of the document. We review the denial of a motion for judgment of acquittal de novo. Burkett v. State, 992 So.2d 848, 851 (Fla. 4th DCA 2008).
In order to convict for failure of a sexual offender to register with the DMV, the State must prove the defendant is a sexual offender. See Fla. Std. Jury Instr. (Crim.) 11.14(c) and (h). In this case, the State pursued a theory that Gosling was a sexual offender using two statutory sub-subpara-graphs of section 943.0435(l)(a), Florida Statutes (2015), which defines “sexual offender” as follows:
(1) As used in this section, the term:
(a) 1. “Sexual offender” means a person who meets the criteria in sub-sub-paragraph a., sub-subparagraph b., sub-subparagraph c., or sub-subparagraph d., as follows:
a. (I) Has been convicted of committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes in this state or similar offenses in another jurisdiction: s. 393.135(2); s. 394.4593(2); s. 787.01, s. 787.02, or s. 787.025(2)(c), where the victim is a minor and the defendant is not the victim’s parent or guardian; s. 787.06(3)(b), (d), (f), or (g); former s. 787.06(3)(h); s.794.011, excluding s. 794.011(10); s. 794.05; former s. 796.03; former s. 796.035; s. 800.04; s. 810.145(8); s. 825.1025; s. 827.071; s. 847.0133; s. 847.0135, excluding s. 847.0135(6); s. 847.0137; s. 847.0138; s. 847.0145; s. 916.1075(2); or s. 985.701(1); or any similar offense committed in this state which has been redesignated from a former statute number to one of those listed in this sub-sub-subparagraph; and (II) Has been released on or after October 1, 1997, from the sanction imposed for any conviction of an offense described in sub-sub-subparagraph (I). For purposes of sub-sub-subparagraph (I), a sanction imposed in this state or in any other jurisdiction includes, but is not limited to, a fine, probation, community control, parole, conditional release, control release, or incarceration in a state prison, federal prison, private correctional facility, or local detention facility;
b. Establishes or maintains a residence in this state and who has not been designated as a sexual predator by a court of this state but who has been designated as a sexual predator, as a sexually violent predator, or by another sexual offender designation in another state or jurisdiction and was, as a result of such designation, subjected to registration or community or public notification, or both, or would be if the person were a resident of that state or jurisdiction, without regard to whether the person otherwise meets the criteria for registration as a sexual offender.
§ 943.0435(l)(a), Fla. Stat. (2015).[1]
As we discussed in Gosling I, where Gosling was also tried for failure of a sexual offender to register with the DMV *863 based on a separate set of facts and circumstances, there are two methods that the State could have used to prove that Gosling was a sexual offender based on his out-of-state conviction:
Subsection (l)(a)l.a. requires proof that the defendant was released from the sanction imposed for the offense subjecting him to treatment as a “sexual offender” on or after October 1, 1997.
[[Image here]]
[T]he defendant will be treated as a “sexual offender” in Florida [under Subsection (l)(a)l.b.], if he now maintains a residence in Florida and was “designated” a “sexual offender” by the out-of-state jurisdiction.
Gosling I, 97 So.3d at 289-91. Just as was the case' in Gosling I, the State did not provide any evidence that Gosling was designated as a sexual offender in another jurisdiction, and therefore, the State was unable to travel under the method proscribed under subsection (l)(a)l.b. However, since the State did provide evidence at this trial that Gosling was on probation after October 1, 1997, the holding in Gosling I, finding that the State did not prove Gosling’s conviction under subsection (l)(a)l.a., does not control. See id. at 289 (finding that “[tjhere was no evidence that the defendant continued to be on probation, community control, or parole on or after October 1, 1997,” and therefore the evidence was insufficient to support a conviction under section 943.0435(l)(a)l.a.). We therefore look to whether the State proved a conviction for a qualifying crime as required in subsection (l)(a)l.a.
Gosling argues- that the Certification was insufficient to connect him to the Jeffrey A. Gosling described in the document, and therefore, could not be used to prove he was convicted of a qualifying crime.
Although there are no cases squarely on point for the crime of failure to register as a sex offender, we look to cases involving other criminal charges where proof of a prior conviction is a necessary element of the crime. In Landrum v. State, 149 So.3d 98 (Fla. 4th DCA 2014), we explained the only two .methods available to the State to prove a prior conviction in the context of possession of a weapon by a convicted felon. Id. at 99-100.
[T]he number of possible methods available to the state to offer this proof at trial is strictly limited to two: (1) admission of the “whole record” pertaining to the previous felony conviction, Warren v. State, 74 So.2d 688 (Fla.1954), or (2) a certified copy of the judgment for the prior conviction in substantial conformance with Florida Rule of Criminal Procedure 3.986, Keith v. State, 844 So.2d 715 (Fla. 2d DCA 2003).
Id. at 100. As we further explained, “[a] judgment and sentence in conformance with rule 3.986 includes a defendant’s fingerprints as well as information about each essential component of the ‘whole record’ delineated in Warren.” Id. “The ‘whole record’ includes the ‘information, the plea of the accused, the jurisdiction of the court, the verdict of the jury, and the judgment and sentence of the court.’ ” Id. (quoting Warren, 74 So.2d at 688). Therefore, although rule 3.986 allows for variation of forms, see Fla. R. Crim. P. 3.986(a), fingerprints and the information contained in the judgment must be present. ■ Since the Certification did not contain fingerprints, regardless of the other information contained in the Certification, this alone indicates that the Certification could not have met the requirements of rule 3.986, and therefore was insufficient to prove Gosling’s prior conviction.
Although Landrum discusses the charge of possession of a weapon by a convicted *864 felon, there is no reason that the proof for a conviction in this case should be any different. Both crimes require proof of an underlying crime, compare section 943.0435(l)(a)l.a., Florida Statutes (2016) with section 790.23(1), Florida Statutes (2016), and therefore, the same criteria should be required to satisfy the element.
We also find additional support for pur holding in a recent case from our court. In Jershun v. State, 169 So.3d 232 (Fla. 4th DCA 2015), the defendant was convicted of failure to register as a sex offender with the DMV. Id. at 234. In order to prove that the defendant was a “sexual offender” under section 943.0435(l)(a)l.a, the State, over the defendant’s objection, admitted records from the Florida Department of Law Enforcement (FDLE), which the officer testifying during the admission of the documents could not authenticate. Id. at 235. One of the pages in the document was from the Army, showing charges and convictions for knowingly receiving and possessing child pornography. Id.
On appeal, in discussing the proof necessary to prove an underlying conviction, we quoted:
When the State must establish the existence of a prior conviction to prove an essential element of an offense, merely introducing a judgment, which shows identity between the name on the prior judgment and the name of the defendant, is insufficient. Instead, the State must present affirmative evidence that the defendant and the person named on the prior judgment are the same person. This requirement is rooted in the requirement that the State prove the defendant guilty of every element of the offense beyond a reasonable doubt. Moncus v. State, 69 So.3d 341, 343 (Fla. 4th DCA 2011)
Id. at 237. In applying this standard to the evidence presented by the State, we determined:
The detective testified that he had no firsthand knowledge of the Army documents, did not know the provisions of the Articles violated, did not inquire as to what the documents were, did not get a certified disposition from the military, and did not get a certified charging document. He could not vouch for the accuracy of the documents, their completeness, their authenticity, or their contents.
[[Image here]]
The State did not introduce a certified copy of the conviction. Rather, it introduced the FDLE records, which referenced a “general court martial order” within a package of records it received from the Department of Justice. That order contained summarized findings made by the U.S. Army. But no one from the Army, the FDLE, or the Department of Justice authenticated the document. The State simply failed to prove the defendant was a sexual offender under section 943.0435(l)(a)l.a.
Id. at 237-38 (emphasis added). In Jer-shun, we recognized the importance of connecting the defendant in a case to the individual named in documents, and the necessity of having a certified copy of the conviction, rather than other records referencing the prior crime. Although in Jer-shun we addressed the admissibility of documents and did not refer to rule 3.986 or the alternative of admitting the whole record leading to a conviction into evidence, it is clear that our analysis was consistent with the principles discussed in Landrum, which requires proof of a prior conviction sufficient to link the defendant on trial to the named individual associated with the prior conviction.
*865 Thus, we determine that the State failed to prove Gosling was convicted of a prior qualifying offense because the Certification did not conform with rule 3.986 and was not the whole record of the out-of-state conviction. Because the State’s evidence was insufficient, we reverse Gosling’s conviction and remand with instructions that the trial court enter an order granting Gosling’s motion for judgment of acquittal.

Reversed and remanded with instructions.

WARNER and GERBER, JJ., concur.

. Subsections (l)(a)l.c. and d. do not apply in this case.